Joseph J. Nardulli, CA Bar No. 60256
joseph.nardulli@wolffirm.com
THE WOLF FIRM, A LAW CORPORATION
2995 Main Street, Second Floor
Irvine, CA 92614-2528
Telephone: 949.612.2854
Facsimile: 949.608.0129

Attorneys for Plaintiff JOHN WHIPPLE

Vince M. Verde, CA Bar No. 202472
vince.verde@ogletreedeakins.com
Richard Y. Chen, CA Bar No. 225392
richard.chen@ogletreedeakins.com
Christian Keeney, CA Bar No. 269533
christian.keeney@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714.800.7900
Facsimile: 714.754.1298

Attorneys for Plaintiff SARFARI CLUB INTERNATIONAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, and JOHN WHIPPLE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>DR. LAWRENCE P. RUDOLPH, and DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendant. | Case No. SACV13-01989 JVS (ANx)<br><br>**PRELMINARY INJUNCTION APPEAL**<br><br>**PLAINTIFFS SARFARI CLUB INTERNATIONAL'S AND JOHN WHIPPLE'S NOTICE OF APPEAL**<br><br>Complaint Filed: December 18, 2013<br>Trial Date: None Set<br><br>Judge: Hon. James V. Selna |

Notice is hereby given that Plaintiff's Safari Club International and John Whipple ("Plaintiffs"), hereby appeal to the United States Court of Appeal for the Ninth Circuit from the Order Denying Plaintiff's [sic] Application for Preliminary Injunction ("Order) entered in this action on January 16, 2014. A true and correct copy of the Order is attached hereto as Exhibit A. The Order is immediately appealable pursuant to 28 U.S.C. § 1292(a)(1).

Notice is hereby given that Plaintiffs also hereby appeal to the United States Court of Appeal for the Ninth Circuit from that portion of the Order providing that the temporary restraining order ("TRO") currently in place in this action will be dissolved at 5:00pm on January 17, 2014. [Order at p. 7.] The portion of the Order providing that the TRO will be dissolved is appealable because the dissolution of the TRO will have the effect of denying a preliminary injunction. [*See, e.g., Environmental Defense Fund v. Andrus*, 625 F.2d 861, 862 (9th Cir. 1980.]

Plaintiffs' Representation Statement is attached hereto as Exhibit B. [Ninth Circuit Rule 3-2.]

DATED: January 16, 2014

THE WOLF FIRM, A LAW CORPORATION

By: /s/ Joseph J. Nardulli
Joseph J. Nardulli

Attorneys for JOHN WHIPPLE

| | | |
|---|---|---|
| 1 | DATED: January 16, 2014 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |

By: /s/ Christian Keeney
Vince M. Verde
Richard Y. Chen
Christian J. Keeney

Attorneys for SAFARI CLUB INTERNATIONAL

16885220.1

16885220.1

## EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01989 JVS (ANx) | Date | January 16, 2014 |
| Title | Safari Club International, et al. v. Dr. Lawrence P. Rudolph | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| | Karla J. Tunis | Not Present |
| | Deputy Clerk | Court Reporter |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)**
**Order Denying Plaintiff's Application for Preliminary Injunction**

On January 3, 2013, the Court held a hearing on the application of plaintiffs Safari Club International and John Whipple ("Whipple") (collectively "Safari Club") to preliminarily enjoin defendant Dr. Lawrence P. Rudolph ("Rudolph") from disseminating a video recording of an extended conversation which he had with Whipple on February 20, 2013 ("Video"). At the Court's request the parties submitted a DVD of the meeting and a shorter video which Rudolph had made incorporating brief portions of the Video. (Docket Nos. 14, 15.) The Court has reviewed the Video, as well as the accompanying transcript, and the Rudolph video.

The central contention here is that Rudolph violated California Penal Code 632 by conducting an unauthorized recording of a confidential communication, and that under California Penal Code Section 632.7, plaintiffs are entitled to an injunction to prevent the dissemination of the Video.

For the reasons set forth below, the application is denied.

I.  Standards for Preliminary Injunction.

On an application for a preliminary injunction, the plaintiff has the burden to establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm if the preliminary relief is not granted, (3) the balance of equities favors the plaintiff, and (4) the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc.,129 S. Ct. 365, 374 (2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01989 JVS (ANx) | Date | January 16, 2014 |
| Title | Safari Club International, et al. v. Dr. Lawrence P. Rudolph | | |

II.   California Penal Code.

By statute, California protect confidential communication by barring the making of a recording without consent of all parties.

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. . . .

(Cal. Penal Code, § 632(a).)

The statute defines a confidential communication:

> The term "confidential communication" includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

(Cal. Penal Code, § 632(c); emphasis supplied.)

Civil penalties and injunctive relief are available to an aggrieved person:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
> (1) Five thousand dollars ($5,000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01989 JVS (ANx) | Date | January 16, 2014 |
| Title | Safari Club International, et al. v. Dr. Lawrence P. Rudolph | | |

(2) <u>Three times the amount of actual damages</u>, if any, sustained by the plaintiff.

(b) Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring <u>an action to enjoin and restrain any violation</u> of this chapter, and may in the same action seek damages as provided by subdivision (a).

(Cal. Penal Code, § 637.2(a), (b); emphasis supplied.)

III.    Discussion.

   A. The Video.

The Court summarizes its review of the Video. The Video has its own internal date/time stamp: It begins on February 20, 2013 at approximately 13:50,[1] runs to 15:10, at which there is a break, and resumes for about two minutes at 16:25. A transcript of the Video has been presented, and it appears mainly accurate.

Rudolph and Whipple appear to be seated in a restaurant booth, and the camera angle suggests that the camera was on Rudolph's body, perhaps in his shirt pocket. Whipple is the only one on camera, although from time to time Rudolph's hand can be seen holding a glass of red wine.

There is background noise throughout consisting of music and somewhat muffled voices. However, from approximately 14:50 to 15:09, there is a louder conversation in the background that it is just faint enough not to be understandable.

Several times wait staff pass in the background within 5 or 6 feet. There was no change in the volume or flow of the conversation. At one point (14:17), loud footsteps can be heard, likely a woman's heels. Again, there was no change in the volume or flow of the conversation.

Behind Whipple's left shoulder, there is a mirror. (<u>E.g.</u>, Video at 13:55.)

---

[1] The time stamp uses the 24 hour military clock. The tape begins at 13:50 or 1:50 pm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01989 JVS (ANx) | Date | January 16, 2014 |
| Title | Safari Club International, et al. v. Dr. Lawrence P. Rudolph | | |

The mirror appears to show a booth with occupants. The Court estimates that the mirror was 5-6 feet from Rudolph and Whipple, and that the booth in the mirror was about 10-12 feet from the mirror.

There were more than a half dozen interactions with the waiter. At no time did Rudolph or Whipple overtly lower their voices or curtail the conversation. There was nothing in Whipple's body language to suggest he was attempting to maintain privacy.[2] The interchanges at 13:53 (Tr. 4-5), 14:39 (Tr. 74), and 15:01 (Tr. 103) reflect a usual pause at a restaurant table when a waiter asks for the order or brings an order. Between 14:42 and 14:46 (Tr. 79-84), there are numerous interchanges, and Rudolph and Whipple maintain the stream of their conversation.

There are no indications that either Rudolph or Whipple regarded the conversation as confidential or took any steps to conceal or limit the hearing of the conversation.

It is uncontested that Whipple did not consent to the recording. (See Whipple Decl., ¶ 13.) There is no indication on the Video that either the taping was disclosed or consent sought.

B. The Requirements for an Injunction.

The Court considers the sufficiency of Safari Club's showing on the requirements for injunctive relief.

1. Likelihood of Success on the Merits.

The Court finds that Safari Club has not shown a likelihood of success because there is no reasonable expectation that the communications between Whipple and Rudolph would be free from recording or being overheard by others.

The February 20 meeting was held in a public place, a restaurant called

---

[2] The only cautionary remark in the Video is Whipple's comment that Rudolph should be careful and not send his waiting female companion and driver a glass of wine: "Be careful here." (Tr. 74.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-01989 JVS (ANx) | Date | January 16, 2014 |
|---|---|---|---|

| Title | Safari Club International, et al. v. Dr. Lawrence P. Rudolph |
|---|---|

Wine Works for Everyone.[3] The nature of the place was not conducive to an expectation of confidentiality. As noted in the Court's summary of the Video, there were numerous opportunities to be overheard, and no efforts at confidentiality were taken.[4]

      The Court acknowledges that in Flanagan v. Flanagan, 27 Cal. 4th 766, 774-75 (2002), the California Supreme Court found that the statute distinguishes between the freedom from having a confidential conversation recorded and freedom from subsequent dissemination of the content. The statute protects only the first interest. At the time of the conversation, Rudolph was in litigation with Safari Club, and that would make it unreasonable to expect that Whipple's statements made to an opponent were or would be held in confidence. But that does not diminish the right to be free from recording. Said another way, the likelihood of dissemination of the content of the conversation does bear on the question of whether it was confidential for purposes of the statute. The Court's emphasis on the effects of dissemination at the hearing on the application was misplaced.

      The conversation does not meet the statutory definition of a confidential communication because there was no reasonable basis for a belief that the conversation would not be overheard.[5] (Cal. Penal Code, § 632(c).)

      The Court considers the other requirements, but the failure to demonstrate a likelihood of prevailing is fatal.[6]

---

[3]Whipple notes in his declaration that they were both drinking wine. (Whipple Decl., ¶ 9.)

[4]In this regard, the Court credits own view of the Video over Whipple's characterizations of the meeting. (See Whipple Decl., ¶¶ 11-12)

[5]The Court need not consider whether lunch in a restaurant amounted to an unprotected "public gathering."

[6]The Court would reach the same conclusion even if it employed the sliding scale test. In the Ninth Circuit, the Winter factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011). The balance of hardships and public interest do not cure the weaknesses in the merits showing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01989 JVS (ANx) | Date | January 16, 2014 |
| Title | Safari Club International, et al. v. Dr. Lawrence P. Rudolph | | |

### 2. Balance of Hardships.

The Court finds that the balance of hardship tips marginally in favor of Safari Club. Whatever harm Safari Club may sustain as a result of the release of the Video is merely incremental to the harm which flows from the statement which Whipple made, and which Rudolph is free to quote. The harm to Rudolph is the denial of potentially corroborative evidence in his dispute with Safari Club. Even if the Video would not be admissible in California, Cal. Penal Code, § 637(d), it would certainly be beneficial to Rudolph to have a precise recording if only to refresh and ensure the accuracy of any oral recounting of the meeting Rudolph may make. The fact that Whipple may not be a party to the Pennsylvania and Wyoming litigations does not diminish the relevance of his statements about the underlying events. (See Reply, p. 4.)

### 3. Irreparable Harm.

Again, the Court finds that this issue tips marginally in favor of Safari Club. Use of the Video carries greater detriment than mere dissemination of the content of the meeting. Although it is an extreme example, Michaels v. Internet Entertainment Group, Inc., 5 F. Supp. 2d 823, 842 (C.D. Cal. 1998), which involved sex tapes, illustrates the point. However, the difference between statements about sexual activities and actual tapes of such activities is substantial, and the tapes would work a far greater invasion of privacy in a particularly sensitive area than is the case here.[7] The Court believe that monetary damages would arguably be sufficient to cover any incremental harm which would flow from the Video rather than oral dissemination of the meeting.

### 4. Public Interest.

Consideration of the public interest tips marginally in favor of Rudolph. The Video is relevant evidence in the disputes between Rudolph and Safari Club pending in Pennsylvania and Wyoming. At least in the Pennsylvania litigation, there is no

---

[7] The Court notes that Michaels was decided under common privacy tort law rather than the Penal Code. Michaels, 5 F. Supp. 2d at 839-41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01989 JVS (ANx) | Date | January 16, 2014 |
| Title | Safari Club International, et al. v. Dr. Lawrence P. Rudolph | | |

comparable bar to using the Video as evidence.[8] Montone v. Radio Shack, 698 F. Supp. 92, 95 (E.D. Pa. 1988); Tarnoff v. Wellingston Financial Corp., 696 F. Supp 151, 152 (E.D. Pa. 1998).

III.    Conclusion.

The application for preliminary injunction is denied. However, in order to allow Safari Club an opportunity to seek appellate review of this ruling, the temporary restraining order shall remain in effect until 5:00 PST January 17, 2014, at which time it is dissolved.

|  |  | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | kjt |  |

---

[8] The Court expresses no view as to whether the Video should be admitted in other courts. That is for the relevant jurisdictions in light of the factual and legal record before those courts.

**EXHIBIT B**

1  Joseph J. Nardulli, CA Bar No. 60256
   joseph.nardulli@wolffirm.com
2  THE WOLF FIRM, A LAW CORPORATION
   2995 Main Street, Second Floor
3  Irvine, CA 92614-2528
   Telephone: 949.612.2854
4  Facsimile:  949.608.0129

5  Attorneys for Plaintiff JOHN WHIPPLE

6

7  Vince M. Verde, CA Bar No. 202472
   vince.verde@ogletreedeakins.com
8  Richard Y. Chen, CA Bar No. 225392
   richard.chen@ogletreedeakins.com
9  Christian Keeney, CA Bar No. 269533
   christian.keeney@ogletreedeakins.com
10 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
11 695 Town Center Drive
   Costa Mesa, CA 92626
12 Telephone: 714.800.7900
   Facsimile:  714.754.1298
13
   Attorneys for Plaintiff SARFARI CLUB
14 INTERNATIONAL

15
                    UNITED STATES DISTRICT COURT
16
                   CENTRAL DISTRICT OF CALIFORNIA
17
                          SOUTHERN DIVISION
18

| SAFARI CLUB INTERNATIONAL, and JOHN WHIPPLE, an Individual, | Case No. SACV13-01989 JVS (ANx) |
|---|---|
| Plaintiff, | **PLAINTIFFS' REPRESENTION STATEMENT** |
| v. | **[F.R.A.P. 12 (b); Circuit Rule 3-2(b)]** |
| DR. LAWRENCE P. RUDOLPH, and DOES 1 THROUGH 10 INCLUSIVE, | Complaint Filed: December 18, 2013<br>Trial Date: None Set |
| Defendant. | Judge: Hon. James V. Selna |

1  The undersigned (Joseph J. Nardulli) is counsel for Plaintiff John Whipple.
2  The undersigned (Vince V. Verde, Richard Y. Chen and Christian J. Kenney) are
3  counsel for Plaintiff Safari Club International. Counsel for all parties to the above-
4  entitled action are identified by name, firm, address, email address, facsimile number
5  and telephone number below. [FRAP 12(b); Circuit Rule 3-2(b).]

I.  COUNSEL FOR PLAINTIFF JOHN WHIPPLE

Joseph J. Nardulli, CA Bar No. 60256
joseph.nardulli@wolffirm.com
THE WOLF FIRM, A LAW CORPORATION
2995 Main Street, Second Floor
Irvine, CA 92614-2528
Telephone: 949-612.2854
Facsimile: 949-608.0129

II.  COUNSEL FOR PLAINTIFF SAFARI CLUB INTERNATIONAL

Vince M. Verde, CA Bar No. 202472
vince.verde@ogletreedeakins.com
Richard Y. Chen, CA Bar No. 225392
richard.chen@ogletreedeakins.com
Christian Keeney, CA Bar No. 269533
christian.keeney@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714.800.7900
Facsimile: 714.754.1298

III.  COUNSEL FOR DEFENDANT DR. LAWRENCE P. RUDOLPH

Patricia P. Hollenbeck, CA Bar No. 121765
phollenbeck@duanemorris.com
Michelle Hon Donovan, CA Bar No. 234492
mhdonovan@duanemorris.com
Heather U. Guerena, CA Bar No. 238122
huguerena@duanemorris.com
Jess R. Booth, CA Bar No. 245430
jrbooth@duanemorris.com
DUANE MORIS LLP
750 B Street, Ste. 2900
San Diego, CA 92101-4681
Telephone: 619.744.2200
Facsimile: 619.744.2201

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: January 16, 2014 | THE WOLF FIRM, A LAW CORPORATION |
| 3 | | |
| 4 | | By: /s/ Joseph J. Nardulli |
| 5 | |       Joseph J. Nardulli |
| 6 | | Attorneys for JOHN WHIPPLE |
| 7 | | |
| 8 | DATED: January 16, 2014 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 9 | | |
| 10 | | |
| 11 | | By: /s/ Christian Keeney |
| 12 | |       Vince M. Verde<br>      Richard Y. Chen<br>      Christian J. Keeney |
| 13 | | |
| 14 | | Attorneys for SAFARI CLUB INTERNATIONAL |

16885552.1

16885552.1

| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA | COURT USE ONLY |
|---|---|
| TITLE OF CASE (ABBREVIATED)<br>*Safari Club International, et al. v. Dr. Lawrence P. Rudolph* | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):   TELEPHONE NO.:<br>Vince M. Verde, Esq.                                   (714) 800-7900<br>vince.verde.@ogletreedeakins.com<br>Christian Keeney, Esq.<br>christian.keeney@ogletreedeakins.com<br>Ogletree Deakins Nash Smoak & Stewart PC<br>695 Town Center Drive, Ste. 1500, Costa Mesa, CA 92626 | |
| ATTORNEYS FOR:<br>Plaintiffs | HEARING DATE – TIME | CASE NUMBER:<br>13-cv-01989 JVS-AN |
| **PROOF OF SERVICE - DECLARATION OF SERVICE** |||

At the time of service I was over 18 years of age and not a party to this action. My residence or business address is: 695 Town Center Drive, Ste. 1500, Costa Mesa, CA 92626

On January 16, 2014, I served the following documents (specify):

**PRELMINARY INJUNCTION APPEAL - PLAINTIFFS SARFARI CLUB INTERNATIONAL'S AND JOHN WHIPPLE'S NOTICE OF APPEAL**

☐ The documents are listed in the Attachment to Proof of Service.

I served the documents on the **person or persons** below, as follows:

| Patricia P. Hollenbeck, Esq.<br>Michelle Hon Donovan, Esq.<br>Duane Morris LLP<br>750 B Street, Ste. 2900<br>San Diego, CA 92101-4681<br>(619) 744-2200 tel<br>(619) 744-2201 fax<br>phollenbeck@duanemorris.com<br>mhdonovan@duanemorris.com | |
|---|---|

☒ **By ELECTRONIC SUBMISSION.** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipient(s) **via electronic transmission through the CM/ECF system on the Court's website**. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **Additional parties' counsel who are not registered CM/ECF user according to the court's NEF, were served via the following means:**

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax numbers listed above. No error was reported by the fax machine used. A copy of the record of transmission is attached.

PROOF OF SERVICE – DECLARATION OF SERVICE

*Safari Club Int'l, et al. v. Dr. Lawrence P. Rudolph*

☐ **By United States mail.** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery**. I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses listed above. I am readily familiar with this business practice for collection and processing envelopes and packages for overnight delivery. On the same day that envelope or package is placed for collection and delivery, it is deposited in the ordinary course of business with and overnight delivery service, in a sealed envelope or package.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed January 16, 2014, at Costa Mesa, California.

_____
Kym Smith

16817491.1

PROOF OF SERVICE – DECLARATION OF SERVICE