Joseph J. Nardulli, CA Bar No. 60256
joseph.nardulli@wolffirm.com
Abe G. Salen, CA Bar No. 182366
abe.salen@wolffirm.com
THE WOLF FIRM, A LAW CORPORATION
2995 Main Street, Second Floor
Irvine, CA 92614-2528
Telephone: 949.612.2854
Facsimile: 949.608.0129

Attorneys for Plaintiff JOHN WHIPPLE, an Individual

Vince M. Verde, CA Bar No. 202472
vince.verde@ogletreedeakins.com
Richard Y. Chen, CA Bar No. 225392
richard.chen@ogletreedeakins.com
Christian Keeney, CA Bar No. 269533
christian.keeney@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714.800.7900
Facsimile: 714.754.1298

Attorneys for Plaintiff SAFARI CLUB INTERNATIONAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, and JOHN WHIPPLE, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> DR. LAWRENCE P. RUDOLPH, and DOES 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | Case No. SACV13-01989 JVS(ANx) <br><br> **VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> 1. **INVASION OF PRIVACY IN VIOLATION OF CALIFORNIA PENAL CODE SECTIONS 632 & 637.2** <br> 2. **INJUNCTIVE RELIEF** <br><br> 3. **NEGLIGENCE PER SE** <br> 4. **INVASION OF COMMON LAW RIGHT OF PRIVACY** <br> 5. **FALSE LIGHT INVASION OF** |

17024121_1.doc

VERIFIED AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

```
                                    PRIVACY
                              6. INTENTIONAL INFLICTION OF
                                 EMOTIONAL DISTRESS
                              7. NEGLIGENT INFLICTION OF
                                 EMOTIONAL DISTRESS
```

Plaintiff Safari Club International ("SCI") and Plaintiff John Whipple ("Whipple") (collectively "Plaintiffs") allege as follows:

## PARTIES

1. SCI is a nonprofit corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Tucson, Arizona.

2. Whipple, is an individual, residing in the county of Orange, State of California.

3. Plaintiffs are informed and believe based on such information and belief that Defendant Dr. Lawrence P. Rudolph ("Rudolph") is, and at all times pertinent hereto was, an individual residing in the State of Pennsylvania.

4. Plaintiffs are unaware of the true names and capacities, whether corporate or individual, or otherwise, of Defendants named as DOES 1 through 10, inclusive. Pursuant to California *Code of Civil Procedure* section 474, Plaintiffs will seek leave of court to amend this complaint to state said Defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe based on such information and belief alleges that said fictitiously-named Defendants are responsible in some manner for the injuries and damages to Plaintiffs repeat and reallege as further alleged herein.

///

///

## VENUE AND JURISDICTION

5. Venue is proper under Code of Civil Procedure section 395, in that Plaintiffs suffered harm in the County of Orange as the result of Rudolph's conduct.

## STATEMENT OF FACTS

6. SCI has approximately 50,000 members with 194 chapters in 26 countries whose goals are to protect hunters' rights and promote wildlife conservation.

7. Plaintiffs are informed and believe based on such information and belief that Rudolph is a member of the international hunting and conservation community.

8. Plaintiffs are informed and believe based on such information and belief that Rudolph is active in professional hunting.

9. Rudolph was a member of SCI for approximately 25 years.

10. Rudolph served as President of SCI for two consecutive terms between 2009 and 2011.

11. Following his second term as President of SCI, Rudolph served as SCI's Chief Communications Officer.

12. Plaintiffs are informed and believe based on such information and belief that Rudolph at some point during his tenure with SCI had breached his duty of loyalty, care and fair dealing to SCI.

13. On or about August 23, 2012, SCI expelled Rudolph from his membership with SCI.

14. At the time of Rudolph's expulsion from SCI, Whipple was a member of SCI and served on its Executive Committee.

15. On November 21, 2012, Rudolph filed a lawsuit against SCI, Ralph Cunningham, Larry Higgins, Scott Chapman, Joyce Hanley, David Small, and John Whipple in the United States District Court for the Western District of Pennsylvania, Case No. 2:12-cv-01710-AJS.

///

VERIFIED AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

16.     On February 20, 2013, after Rudolph's lawsuit was filed and at Rudolph's request, Whipple met with Rudolph in Orange County.

17.     At the time of the February 20, 2013 meeting, Whipple had known Rudolph for approximately 12-15 years.

18.     At the time of the February 20, 2013 meeting, Whipple was President of SCI and a named defendant (represented by counsel) in the lawsuit filed by Rudolph.

19.     Although Whipple was named as a defendant in that lawsuit, Rudolph had told him that he had not wanted to sue him and that he was named as a defendant because he was SCI's President and because he signed a letter as SCI's President expelling Rudolph from SCI and removing Rudolph's entries from the SCI Record Book.

20.     Whipple considered Rudolph to be a friend and thought Rudolph also considered him to be his friend at the time of their meeting on February 20, 2013.

## ILLEGAL RECORDINGS OF WHIPPLE

21.     On the morning of February 20, 2013, Rudolph informed Whipple that he was in Los Angeles, California on business and asked if they could get together for lunch.

22.     On February 20, 2013, Rudolph came to Whipple's house between approximately 10:30 and 11:30 a.m. They chatted for about thirty minutes and then went to a restaurant called Wineworks For Everyone, located at 26342 Oso Parkway, Suite 103, Mission Viejo, California.

23.     The meeting at Wineworks For Everyone lasted roughly five (5) hours during which time Rudolph and Whipple had several glasses of wine and ate food.

24.     At Rudolph's urging, Rudolph and Whipple discussed the facts and circumstances of the ongoing litigation between Rudolph and SCI. At the time of their February 20, 2013 conversation, there were roughly five (5) to ten (10) patrons in the room at Wineworks For Everyone where Rudolph and Whipple were sitting at any given time. None of those patrons were ever within "earshot" of their

conversation and, therefore, none of those patrons could hear their conversation.

25. No one other than Rudolph and Whipple were privy to their discussion on February 20, 2013. During their discussion, Rudolph and Whipple kept their voices at a noise level such that no one else could overhear their conversation.

26. When a waiter or waitress approached their table during their conversation, Rudolph and Whipple stopped talking all together or would stop talking about anything substantive.

27. Plaintiffs are informed and believe based upon information provided by Rudolph that Rudolph recorded his February 20, 2013 conversation with Whipple.

28. Whipple was not aware that Rudolph was recording their conversation through audio and video means. Whipple did not consent to the recording of their conversation and Rudolph did not have his permission to record their conversation.

29. Whipple thought, and expected, that their conversation would be private and would only be heard by Rudolph. Whipple would not have agreed to have their February 20, 2013 conversation recorded and would have ended their discussion had he known Rudolph was recording it.

30. Rudolph never told Whipple that he had wanted to, was recording, or had recorded their conversation.

## CREATION OF VIDEO FOR PUBLIC DISSEMINATION USING EXCERPTS OF ILLEGAL RECORDINGS

31. Plaintiffs are informed and believe based on such information and belief that Rudolph has disseminated their conversation of February 20, 2013 to his attorneys and intend to further disseminate their conversation to the public. In fact, Rudolph, through his representatives, have informed Plaintiff SCI that Rudolph has used excerpts of the illegally obtained recordings and created a video presentation ("Rudolph Video") for public dissemination with the assistance of a video production company called NVP Productions located at 2828 Broadway Blvd., Monroeville, PA. Rudolph's attorneys also disclosed that they have provided the

5
VERIFIED AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  illegally-obtained recording to a reporting service to prepare a transcript of Whipple
2  and Rudolph's conversation.

3      32.   For months, Rudolph threatened to publish to the international hunting
4  community, the general public, and to disseminate globally through an Internet video
5  sharing website, such as YouTube, and possibly through other media delivery
6  mechanisms the Rudolph Video.

7      33.   Plaintiffs, and representatives viewed the Rudolph Video presentation
8  and confirmed that the Rudolph Video contains excerpts of the illegally obtained
9  recordings of Whipple, which occurred on February 20, 2013.

10      34.   Plaintiff SCI, through its representatives, had been in contact with
11  Rudolph in an effort to stop the disclosure of the illegally obtained recordings.
12  However, despite Plaintiff SCI's efforts, Plaintiffs are informed and believe e, and
13  thereon allege, that, as of the date of this First Amended Complaint, Rudolph has
14  disseminated the Rudolph Video, including excerpts of the illegally obtained
15  recordings, to the general public, including posting the Rudolph Video on various
16  internet sites.

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## II.

## FIRST CAUSE OF ACTION

(Invasion of Privacy In Violation of California *Penal Code* sections 632 & 637.2)

(Against Defendant Dr. Lawrence P. Rudolph and Does 1 through 10, inclusive)

35. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiffs are informed and believe based on such information and belief that California law requires that all parties consent to the recording of a confidential communication between or among them. Further, Plaintiffs are informed and believe based on such information and belief that California has personal jurisdiction over any individual who creates an unauthorized recording of such a communication with a California resident.

37. As President of SCI at the time of the conversation on February 20, 2013, Whipple was an officer of SCI.

38. The conversation between Rudolph and Whipple on February 20, 2013 was a confidential communication, made with a reasonable expectation of confidentiality, which took place in California.

39. Plaintiffs are informed and believe based on such information and belief that the conversation between Rudolph and Whipple was recorded with an electronic device.

40. Plaintiffs are informed and believe based on such information and belief that Rudolph intentionally made the unauthorized recording in violation of California *Penal Code* sections 632 and 637.2.

41. At no time did Rudolph inform Whipple that the conversation between them on February 20, 2013 was being recorded, and at no time did Whipple consent to the recording.

42. Plaintiffs are informed and believe based on such information and belief that Rudolph is intending to, and has, disseminated his recorded conversation with

1  Whipple and/or excerpts thereof, for use in presenting his claims in his lawsuit
2  against SCI to extort settlements and/or monetary concessions from Plaintiffs.

3      43.   Pursuant to California *Penal Code* section 637.2, Plaintiffs are entitled to statutory damages in the amount of $5,000.00 or three times the amount of actual damages to be proved at trial, whichever is greater. Although it is not a necessary prerequisite to an action pursuant to this section that the Plaintiffs have suffered, or be threatened with, actual damages, it is believed that as a proximate result of Rudolph's conduct, Plaintiffs have suffered actual damages in an amount to be proven at trial, but in no event less than the minimum jurisdiction of this Court.

## III.

## SECOND CAUSE OF ACTION

### (Injunctive Relief)

**(Against Defendant Dr. Lawrence P. Rudolph and Does 1 through 10, inclusive)**

44.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 43 as though fully set forth herein.

45.  Unless enjoined and restrained by the Court, Defendants will republish and continue to disseminate the unauthorized recording, all to the continuing injury of Plaintiffs. Such action will cause irreparable harm to Plaintiffs by placing them in a false light and damaging their reputation. Plaintiffs have no adequate remedy at law insofar as damages will be very difficult to calculate for such on-going injuries. By reason of the foregoing, Plaintiffs are entitled to a preliminary and permanent injunction enjoining and restraining Defendants, and each of them, and all persons acting in concert with them, from republishing, distributing or otherwise disseminating the unauthorized recording.

///
///
///
///

IV.

## THIRD CAUSE OF ACTION

(Negligence Per Se)

**(Against Defendant Dr. Lawrence P. Rudolph and Does 1 through 10, inclusive)**

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 as though fully set forth herein.

47. At all times alleged herein, Defendant owed Plaintiffs a duty under Penal Code section 632 and 637.2, not to secretly record confidential communications between them without their prior knowledge and consent.

48. Plaintiffs are among the class of persons that Penal Code sections 632 and 637.2 are designed to protect and for whose protection the foregoing statutes were adopted. Plaintiff's injuries are also of the type that the foregoing statute was intended to protect.

49. Rudolph's violation of the foregoing statutes constitutes negligence per se and creates a presumption of negligence.

50. As a direct and proximate result of Rudolph's acts and omissions alleged herein, Plaintiffs have suffered and continues to suffer damages in an amount according to proof at trial.

V.

## FOURTH CAUSE OF ACTION

(Common Law Invasion of Privacy)

**(By Plaintiff Whipple Against Defendant Dr. Lawrence P. Rudolph and Does 1 through 10, inclusive)**

51. Whipple repeats and realleges each and every allegation contained in paragraphs 1 through 50 as though fully set forth herein.

52. Whipple has a right of privacy under the United States Constitution, the California Constitution, and common law.

53. Rudolph, without Whipple's consent, intruded into Whipple's privacy

by the conduct set forth above, including, but not limited to, secretly recording a private conversation with Whipple without Whipple's knowledge or consent, and disseminating excerpts of that conversation, which contained discussion of private matters concerning Whipple, to the general public.

54. The intrusions described above were offensive and objectionable to Whipple and to a reasonable person of ordinary sensibilities.

55. As a direct and proximate result of Rudolph's conduct alleged herein, Whipple has suffered and will suffer emotional distress, and has been, and continues to be, embarrassed and humiliated, and reasonably fears that he will be shunned, avoided and subjected to ridicule.

56. Additionally, as a direct and proximate result of Rudolph's conduct alleged herein, Whipple has suffered, and may continue to suffer, significant damage to his reputation and to his livelihood, as well as business and personal relationships, in an amount according to proof at trial.

57. In engaging in the conduct alleged herein, Rudolph acted with knowledge that his secret recording of Whipple and his dissemination of excerpts of the secret recording violated Plaintiff's right of privacy. Rudolph's conduct was intended to cause injury to Whipple and to personally benefit Rudolph at Whipple's expense, and was despicable conduct carried on with a willful and conscious disregard of the rights and reputation of Whipple. As such, Whipple is entitled to recover punitive and exemplary damages in an amount sufficient to punish Rudolph and deter him from such conduct in the future.

## VI.

## FIFTH CAUSE OF ACTION

### (False Light Invasion of Privacy)

### (By Plaintiff Whipple Against Defendant Dr. Lawrence P. Rudolph and Does 1 through 10, inclusive)

58. Whipple repeats and realleges each and every allegation contained in

paragraphs 1 through 57 as though fully set forth herein.

59. Rudolph, by disseminating excerpts of his secret recording of Whipple, particularly in the context of the video in which the excerpts were included, gave publicity to matters concerning Whipple that unreasonably place him in a false light and violate his right of privacy.

60. The false light in which Whipple has been placed would be highly offensive to a reasonable person in Whipple's position.

61. Rudolph knew of the false light that Whipple would be placed in and/or acted with reckless disregard for the truth or falsity of the publicized matter and the false light in which Whipple would be placed.

62. As a direct and proximate result of Rudolph's conduct alleged herein, Whipple has suffered and will suffer emotional distress, and has been, and continues to be, embarrassed and humiliated, and reasonably fears that he will be shunned, avoided and subjected to ridicule.

63. Additionally, as a direct and proximate result of Rudolph's conduct alleged herein, Whipple has suffered, and may continue to suffer, significant damage to his reputation and to his livelihood, as well as business and personal relationships, in an amount according to proof at trial.

64. In engaging in the conduct alleged herein, Rudolph acted with knowledge that his secret recording of Whipple and his dissemination of excerpts of the secret recording depicted Plaintiff in a false light. Rudolph's conduct was intended to cause injury to Whipple and to personally benefit Rudolph at Whipple's expense, and was despicable conduct carried on with a willful and conscious disregard of the rights and reputation of Whipple. As such Whipple is entitled to recover punitive and exemplary damages in an amount sufficient to punish Rudolph and deter him from such conduct in the future.

///

///

# VII.

## SIXTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(By Plaintiff Whipple Against Defendant Dr. Lawrence P. Rudolph and Does 1 through 10, inclusive)

65. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 64 as though fully set forth herein.

66. The conduct alleged above was extreme and outrageous and an abuse of the relationship between Whipple and Rudolph. Said conduct was intended to cause Whipple severe emotional distress, or was done in conscious disregard of the probability of causing such distress, and was intended to humiliate Whipple, all to provide Rudolph with a personal advantage in his claims against Whipple and SCI.

67. The conduct above did in fact cause Whipple to suffer extreme emotional distress.

68. As a proximate result of Rudolphs conduct alleged herein, Whipple has suffered, and continues to suffer, embarrassment, anxiety, humiliation and emotional distress, in an amount according to proof at trial.

69. In engaging in the conduct alleged herein, Rudolph acted with the intent of causing Whipple emotional distress, and his conduct was intended to cause injury to Whipple and to personally benefit Rudolph at Whipple's expense, and was despicable conduct carried on with a willful and conscious disregard of the rights and reputation of Whipple. As such Whipple is entitled to recover punitive and exemplary damages in an amount sufficient to punish Rudolph and deter him from such conduct in the future.

///

///

///

///

# VIII.

## SEVENTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

(By Plaintiff Whipple Against Defendant Dr. Lawrence P. Rudolph and Does 1 through 10, inclusive)

70. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 69 as though fully set forth herein.

71. As a result of the relationship between them, Rudolph had a duty to Whipple to maintain the confidentiality of their conversation, and not to secretly record the conversation without Whipple's consent or disseminate the conversation or excerpts thereof without Whipple's permission.

72. In engaging in the above conduct, Rudolph knew or should have known, that his conduct would cause Whipple extreme emotional distress.

73. The conduct above did in fact cause Whipple to suffer extreme emotional distress.

74. As a proximate result of Rudolphs conduct alleged herein, Whipple has suffered, and continues to suffer, embarrassment, anxiety, humiliation and emotional distress, in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For a preliminary and permanent injunction enjoining Defendants from republishing, distributing or otherwise disseminating the unauthorized recording;

2. Statutory, actual and compensatory damages in an amount according to proof under applicable law;

3. Exemplary and punitive damages for Defendants' willful and malicious actions;

4. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

1      5.     For costs of suit herein incurred; and

2      6.     For such other and further relief as the Court may deem just and proper.

4  DATED: February 3, 2014     THE WOLF FIRM, A LAW CORPORATION

    By:    /s/ Joseph J. Nardulli
          Joseph J. Nardulli

    Attorneys for Plaintiff JOHN WHIPPLE

10 DATED: February 3, 2014     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

    By: _____
        Vince M. Verde
        Richard Y. Chen
        Christian J. Keeney

    Attorneys for Plaintiff SAFARI CLUB INTERNATIONAL

## VERIFICATION

I am John Whipple. I am an individual who resides in Coto de Caza, County of Orange, California. I am a party to this action and have reviewed the foregoing Verified First Amended Complaint for Damages and Injunctive Relief. I declare under penalty of perjury under the laws of the State of California that the matters stated in this document are true and correct to the best of my knowledge.

Executed on February 3, 2014, at Coto de Caza, California.

*/s/ John Whipple*

JOHN WHIPPLE

---

15

VERIFIED AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA | COURT USE ONLY |
|---|---|
| TITLE OF CASE (ABBREVIATED)<br>*Safari Club International, et al. v. Dr. Lawrence P. Rudolph* | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):   TELEPHONE NO.:<br>Vince M. Verde, Esq.                                                                                 (714) 800-7900<br>vince.verde.@ogletreedeakins.com<br>Christian Keeney, Esq.<br>christian.keeney@ogletreedeakins.com<br>Ogletree Deakins Nash Smoak & Stewart PC<br>695 Town Center Drive, Ste. 1500, Costa Mesa, CA 92626 | |
| ATTORNEYS FOR:<br>Plaintiffs | HEARING DATE – TIME | CASE NUMBER:<br>13-cv-01989 JVS-AN |
| PROOF OF SERVICE - DECLARATION OF SERVICE | | |

At the time of service I was over 18 years of age and not a party to this action. My residence or business address is: 695 Town Center Drive, Ste. 1500, Costa Mesa, CA 92626

On February 3, 2014, I served the following documents (specify):

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (1) INVASION OF PRIVACY IN VIOLATION OF CALIFORNIA PENAL CODE SECTIONS 632 & 637.2; (2) INJUNCTIVE RELIEF; (3) NEGLIGENCE PER SE; (4) INVASION OF COMMON LAW RIGHT OF PRIVACY; (5) FALSE LIGHT INVASION OF PRIVACY; (6) INTENTIONAL INFLICTION OFEMOTIONAL DISTRESS; (7) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

☐ The documents are listed in the Attachment to Proof of Service.

I served the documents on the **person or persons** below, as follows:

| | |
|---|---|
| Patricia P. Hollenbeck, Esq.<br>Michelle Hon Donovan, Esq.<br>Duane Morris LLP<br>750 B Street, Ste. 2900<br>San Diego, CA 92101-4681<br>(619) 744-2200 tel<br>(619) 744-2201 fax<br>phollenbeck@duanemorris.com<br>mhdonovan@duanemorris.com | |

☐ **By ELECTRONIC SUBMISSION.** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipient(s) **via electronic transmission through the CM/ECF system on the Court's website.** The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ Additional parties' counsel who are not registered CM/ECF user according to the court's NEF, were served via the following means:

---

PROOF OF SERVICE – DECLARATION OF SERVICE

*Safari Club Int'l, et al. v. Dr. Lawrence P. Rudolph*

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax numbers listed above. No error was reported by the fax machine used. A copy of the record of transmission is attached.

☒ **By United States mail.** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for
collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses listed above. I am readily familiar with this business practice for collection and processing envelopes and packages for overnight delivery. On the same day that envelope or package is placed for collection and delivery, it is deposited in the ordinary course of business with and overnight delivery service, in a sealed envelope or package.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed February 3, 2014, at Costa Mesa, California.

_____
Kym Smith

16817491.1

PROOF OF SERVICE – DECLARATION OF SERVICE