UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

Present: The Honorable    James V. Selna

Karla J. Tunis                                Not Present
Deputy Clerk                                 Court Reporter

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                                    Not Present

**Proceedings:**   (In Chambersa)   Order Denying Defendant's Motion to Dismiss (fld 3-19-14) and Granting in Part and Denying in Part Defendant's Motion to Strike (fld 3-19-14)

Defendant Lawrence P. Rudolph ("Rudolph") moves this Court to dismiss Plaintiffs' John Whipple ("Whipple") and Safari Club International's ("Safari Club," and together, "Plaintiffs") verified First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss ("MTD"), Docket No. 47.)  Whipple opposes the motion. (Opp'n to MTD, Docket No. 52.) Rudolph has replied. (MTD Reply, Docket No. 55.)

In addition, Rudolph has filed a special motion to strike Plaintiffs' FAC pursuant to California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16. (Mot. to Strike ("MTS"), Docket No. 48.) Whipple opposes the motion. (Opp'n to MTS, Docket No. 51.) Rudolph has replied. (MTS Reply, Docket No. 56.)

Safari Club has given notice that it joins in both of Rudolph's oppositions. (Docket Nos. 53, 54.)

For the following reasons, the Court GRANTS in part and DENIES in part Rudolph's special motion to strike and DENIES the motion to dismiss.

**I.    Background**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-1989 JVS (ANx)                                Date   May 14, 2014

Title     Safari Club International v. Dr. Lawrence P. Rudolph et al.

      The background is drawn from the FAC, other filings, and evidence submitted to this Court. In resolving a motion to dismiss under Rule 12(b)(6), the Court is generally limited to consideration of the allegations in the complaint, but may also consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. Because Plaintiffs' claims refer several times to the recording Rudolph made of his February 20, 2013 conversation with Whipple, the Court may consider the recording itself in resolving the 12(b)(6) motion. See Weiner v. ARS Nat'l Servs., Inc., 887 F. Supp. 2d 1029, 1030 n.1, 1031–32 (S.D. Cal. 2012) (taking judicial notice of transcript and audio file of recording allegedly made in violation of Cal. Penal Code § 632). Moreover, because the Court's decision to grant the special motion to strike, under which evidence beyond the pleadings may be considered, renders the motion to dismiss moot, it is appropriate to consider Rudolph's additional evidence.

      Safari Club is an international hunting and wildlife conservation organization with approximately 50,000 members and nearly 200 chapters across 26 countries. (FAC ¶ 6, Docket No. 36.) Between 2009 and 2011, Rudolph served as Safari Club's president. (Id. ¶ 10.) After serving as president, Rudolph served as Safari Club's Chief Communications Officer. (Id. ¶ 11.) In August 2012, believing Rudolph to have breached his duties of loyalty, care, and fair dealing, Safari Club expelled Rudolph from his membership. (Id. ¶¶ 12–13.)

      In November 2012, Rudolph filed a lawsuit against Safari Club and a number of individuals, including Whipple, in the Western District of Pennsylvania. (Id. ¶ 15.)

      On February 20, 2013, Whipple met with Rudolph at Rudolph's request in Orange County, California. (Id. ¶ 16.) At that time, Whipple was the president of Safari Club and a named defendant in the lawsuit Rudolph had filed. (Id. ¶ 18.) Whipple had known Rudolph for twelve to fifteen years prior to that meeting and considered him a friend. (Id. ¶ 20.)

      Rudolph and Whipple met for approximately five hours at an Orange County restaurant called Wineworks for Everyone on the afternoon of February 20, 2013. (Id. ¶¶ 22–23.) At Rudolph's urging, the two discussed the ongoing litigation between Rudolph

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 13-1989 JVS (ANx)     Date May 14, 2014

Title    Safari Club International v. Dr. Lawrence P. Rudolph et al.

and Safari Club. (Id. ¶ 24.) The FAC alleges that at the time of their conversation, there were roughly five to ten other patrons in the room in which Rudolph and Whipple sat, but that none of those patrons was ever within earshot of their conversation. (Id.) The FAC also alleges that Rudolph and Whipple kept their voices at a noise level such that no one could overhear their conversation, and that when a server approached their table, the two would stop talking altogether or stop discussing anything substantive. (Id. ¶¶ 25–26.)

       However, according to a declaration submitted by Rudolph, several patrons were sitting close enough that they could have overheard the conversation, neither Whipple nor Rudolph lowered their voices or curtailed their conversation, and there was nothing in Whipple's body language to indicate he was attempting to maintain privacy. (Rudolph Decl. ¶¶ 20–21, Docket No. 48-2.) Whipple's declaration accords with the allegations in the FAC, noting Whipple's belief that the conversation could not be overheard, and that the two stopped talking about anything of substance anytime a server came to the table. (Not. of Removal, Ex. B. ("Whipple Decl.") ¶ 12, Docket No. 1.)

       Rudolph secretly made a recording of the conversation with Whipple ("the Recording,")[1], which Whipple was unaware of at the time, and did not consent to. (FAC ¶¶ 27–28.) Rudolph has shared the Recording with his attorneys and used it to create a video presentation ("the Rudolph Video") for public dissemination. (Id. ¶ 31; Rudolph Decl. 22.)

       On December 23, 2013, Rudolph removed to this Court an action that Plaintiffs had filed against him in Orange County Superior Court alleging violation of Cal. Penal. Code § 632. (Notice of Removal, Docket No. 1.) On January 16, 2014, the Court denied Plaintiffs' request for a preliminary injunction. (Order, Docket No. 27.) The Court reasoned that Plaintiffs had not shown a likelihood of success on the merits because, critical to the § 632 claim, Whipple did not appear to have a reasonable expectation of confidentiality: "The February 20 meeting was held in a public place, a restaurant called [Wineworks for Everyone.] The nature of the place was not conducive to an expectation of confidentiality. . . . [T]here were numerous opportunities to be overheard, and no efforts at confidentiality were taken." (Id. at 4–5.) An appeal of that ruling is pending in the Ninth Circuit. The Ninth Circuit denied Plaintiffs' application for a stay. (Docket No. 57.)

---

[1] The Recording and a transcript was submitted to the Court in Docket Nos. 15 and 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-1989 JVS (ANx)                             Date  May 14, 2014

Title     Safari Club International v. Dr. Lawrence P. Rudolph et al.

     After the Temporary Restraining Order in this action was dissolved, Rudolph published the Rudolph Video on Youtube for the purpose of sharing it with Safari Club members and the public at large, as well as to use Whipple's statements in the Rudolph Video as evidence in Rudolph's ongoing litigation with Safari Club in other jurisdictions.[2] (Rudolph Decl. ¶¶ 22–24.)

     On February 3, 2014, Plaintiffs filed the FAC. (Docket No. 36.) The FAC alleges seven causes of action: (1) invasion of privacy in violation of Cal. Penal Code. §§ 632 & 637.2; (2) injunctive relief; (3) negligence per se; (4) common law invasion of privacy; (5) false light invasion of privacy; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. (See FAC.)

## II.   Legal Standards

### A.   Motion to Dismiss

     Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

     In resolving a Rule 12(b)(6) motion under Twombly, the court must follow a two-pronged approach. First, the court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

---

     [2] The Rudolph Video is available at http://www.youtube.com/watch?v=2aYY0YF4ktA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-1989 JVS (ANx)    Date  May 14, 2014

Title  Safari Club International v. Dr. Lawrence P. Rudolph et al.

    B.    Special Motion to Strike

    California's anti-SLAPP statute allows for pre-trial dismissal of "SLAPPs" ("Strategic Lawsuits against Public Participation"). Cal. Code Civ. P. § 425.16. The statute aims to identify, early in the litigation process, "meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001); see also Wilcox v. Super. Ct., 27 Cal. App. 4th 809, 816 (1994).

    The anti-SLAPP statute permits a defendant to file a "special motion to strike" to dismiss an action before trial. Cal. Code Civ. P. § 425.16. "To prevail on an anti-SLAPP motion, the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." Makaeff v. Trump Univ., LLC, 715 F.3d 254, 261 (9th Cir. 2013) (citing Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir. 2003)). "The burden then shifts to the plaintiff . . . to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal. Id. (citations omitted). Under this standard, the claim should be dismissed if the plaintiff presents an insufficient legal basis for it, or if, on the basis of the facts shown by the plaintiff, "no reasonable jury could find for the plaintiff." Metabolife, 264 F.3d at 840 (citation and internal quotation marks omitted).

    Where an anti-SLAPP motion is brought on the grounds that the plaintiff's claim is legally deficient, the Court should adjudicate the motion under the standards for a Rule 12(b)(6) motion to dismiss. See Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1109 (C.D. Cal. 2009); In re Bah, 321 B.R. 41, 45 n.6 (B.A.P. 9th Cir. 2005). "In other words, the court must read the complaint broadly, take all well-pleaded allegations as true, and dismiss with leave to amend." In re Bah, 321 B.R. at 45 n.6.

    "In any action subject to subdivision (b) [of California's Anti-SLAPP statute], a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. P. § 425.16(c).

## III.    Discussion

    A.    Special Motion to Strike

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-1989 JVS (ANx)   Date  May 14, 2014

Title  Safari Club International v. Dr. Lawrence P. Rudolph et al.

The Court must grant the special motion to strike, because Plaintiffs' suit arises from an act in furtherance of Rudolph's right to expression, and Whipple has not met his burden to establish a reasonable probability of prevailing on the claims.

   1.   Arising From Protected Activity

Under the anti-SLAAP statute, the special motion to strike may only apply to a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Code. Civ. P. § 425.16(b). The "arising from" requirement is met by, among other possibilities, "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body." Id. § 425.16(e).

> For purposes of the anti-SLAPP statute, a cause of action "arises from" conduct that it is based on. Thus, we first ask what activities form the basis for each of Plaintiffs' causes of action. We then ask whether those activities are protected, bringing the cause of action within the scope of the anti-SLAPP statute. Where a cause of action is based on both protected activity and unprotected activity, it is subject to [the anti-SLAPP statute] unless the protected conduct is _merely incidental_ to the unprotected conduct. Protected activity is not merely incidental to unprotected activity if the alleged activity underl[ies] the cause of action.

Graham-Sult v. Clainos, 738 F.3d 1131, 1142 (9th Cir. 2013) opinion superseded on denial of reh'g by amended opinion, No. 11-16779, 2014 WL 444153 (9th Cir. Feb. 5, 2014) (internal quotation marks and citations omitted).

As an initial matter, the Rudolph Video itself is a statement in connection with an issue under consideration by a judicial body, see Cal. Code Civ. P. § 425.16(e)2), insofar as it speaks directly to issues being litigated between Safari Club and Rudolph in other jurisdictions and is addressed to Safari Club members and the general public. See Nevillle v. Chudacoff, 160 Cal. App. 4th 1255, 1266 (2008) (holding that a statement is in connection with an issue considered by a court if it relates to a substantive issue in the proceeding and is directed to a person having some interest in the proceeding).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                                Date   May 14, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

      Whipple argues that the claims in the FAC arise from the allegedly illegal Recording, rather than the Rudolph Video. (Opp'n to MTS at 8–10.) As to several of the claims, this is plainly false: the invasion of privacy claims and the intentional and negligent infliction of emotional distress claims clearly speak to the dissemination of the Rudolph Video rather than merely the Recording. (See FAC ¶¶ 53, 55–57, 59, 64, 68–69, 71, 74.) Moreover, the claim for injunctive relief expressly seeks to prevent the dissemination of the Recording. (FAC ¶ 45.) As for the illegal recording claim and the negligence per se claim premised on the illegal recording, while the FAC does mention the Rudolph Video in its general allegations, and both of those claims incorporate those allegations, Whipple is right that the crux of those claims pertains to the Recording itself, rather than the edited Rudolph Video.

      However, in Lieberman v. KCOP Television, Inc., 110 Cal. App. 4th 156, 166 (2003) the California Court of Appeal explained that the coverage of the anti-SLAPP statute must be construed broadly, and that the statute also protects conduct in furtherance of protected speech. The court went on to hold that the defendants' act of secretly recording the plaintiff in order to edit and rebroadcast that recording in connection with a public issue was in furtherance of protected speech, and that the anti-SLAPP statute applied. Id. The situation here is similar. Rudolph met with Whipple and recorded their conversation, whether lawfully or not, in order to edit and rebroadcast those statements in the Rudolph Video, which addressed matters in litigation and was meant to inform Safari Club's members and the broader public about Safari Club's actions.

      Finally, Whipple maintains that the anti-SLAPP statute does not cover illegal activity, such as violations of § 632. See Flatley v. Mauro, 39 Cal. 4th 299, 320 (2006) (holding that a defendant whose conduct is conclusively demonstrated to have been illegal may not invoke the anti-SLAPP statute). But as Rudolph points out, that is not the case here. When a defendant's activity may or may not be criminal, the defendant may still seek refuge under the anti-SLAPP law unless the activity is criminal as admitted by the defendant or conclusively established by evidence. See Gerbosi v. Gaims, Weill, W. & Epstein, LLP, 193 Cal. App. 4th 435, 446 (2011). Indeed to hold otherwise would create a trap for defendants under which any plaintiff could plead that a defendant's acts were unlawful and that the anti-SLAPP statute could not be invoked. As the Court found in denying the preliminary injunction, Plaintiffs failed to establish the likelihood of prevailing on their § 632 claim. (See Order at 4–5, Docket No. 27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                              Date   May 14, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

Thus, the Court concludes that Rudolph has made the necessary showing that his acts were in furtherance of his free speech rights. The Court now turns to the second step of the anti-SLAPP analysis.

    2.  Whipple's Burden to Show a Fair Probability of Prevailing

Whipple was required to show both that Plaintiffs' claims are legally sufficient and supported by a sufficient prima facie showing of facts to obtain judgment if Plaintiffs' evidence is credited. Wilson v. Parker, Covert & Childester, 28 Cal. 4th 728, 741 (2003); DuPont Merck Pharm. Co. v. Superior Court, 78 Cal. App. 4th 562, 568 (2000) (holding that it is insufficient under the second prong of the anti-SLAPP statute to survive a demurrer, and that the allegations must be substantiated). The determination whether a plaintiff can establish a probability he or she will prevail "cannot be based on allegations but must be based on evidence." Id. at 564. A plaintiff's burden is "much like that used in determining a motion for nonsuit or directed verdict, which mandates dismissal when no reasonable jury could find for the plaintiff." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001) (internal quotation marks and citation omitted). "Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality exists to support a judgment for the plaintiff." Id. (internal quotation marks and citation omitted).

At the outset, the fact that the FAC is a verified document does not suffice as an evidentiary showing in an anti-SLAPP motion. See Hecimovich v. Encinal School Parent Teacher Org., 203 Cal. App. 4th 450, 474 (2012) ("[The] plaintiff cannot rely on his pleading at all, even if verified, to demonstrate a probability of success on the merits.")

But the Court assesses whether Plaintiffs have met their burden on the second prong of the anti-SLAPP analysis by looking to the entire record, including Whipple's declaration attached to the Notice of Removal. In pertinent part, that declaration notes that at the time of the February 2013 meeting, Whipple considered Rudolph a good friend and believed Rudolph felt the same, that the two took steps to maintain the privacy of their conversation, that Whipple did not consent to Rudolph's recording the conversation, and that the Recording, if made public, would cause Whipple harm and humiliation. (Whipple Decl. ¶¶ 7, 12,13, 17.) The Court now turns to whether this evidence is sufficient to make out a prima facie case for each of Plaintiffs' claims, and then whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

each of those claims is legally sufficient.

        a.    The Section 632 Claim

By statute, California protects confidential communications by barring the making of a recording without the consent of all parties.

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. . . .

Cal. Penal Code, § 632(a). The statute defines a confidential communication:

> The term "confidential communication" includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

Id. § 632(c). California law also provides civil penalties and injunctive relief are available to a person injured by violation of § 632. Id. § 637.2.

The evidence in the record establishes a prima facie case of just such a violation. Whipple's declaration makes clear that the Recording was made without Whipple's consent. Further, Whipple indicated that he made efforts to keep the content of his discussion with Rudolph private and that he relied on Rudolph's representation that Rudolph had only sued Whipple because of Whipple's role as Safari Club's president. (Whipple Decl. ¶¶ 6, 7, 11.) Also, Whipple declares that the Recording's dissemination

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |
|---|---|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

caused him humiliation and damage to his reputation within the hunting and conservation communities. (See id. ¶ 17.) That is sufficient evidence on which a reasonable jury could grant relief.

Rudolph presses two arguments, both of which go less to Plaintiffs' evidentiary burden than to the legal sufficiency of their claims, an analysis that parallels the analysis on a Rule 12(b)(6) motion. The first is that the conversation was not a confidential communication as a matter of law, because it occurred in a public place. The second is that the Court's denying Whipple's motion for a preliminary injunction constitutes the law of the case on whether the communication was confidential.

The second argument is easily dispensed with. The Court's finding in the Order denying a preliminary injunction that Plaintiffs are unlikely to succeed on the merits of their claim does not settle the issue of whether a reasonable jury could award relief based on their evidence. Nothing in the preliminary injunction denial suggested as much.

As to the first point, the authorities cited by the parties make it clear that a communication may be confidential within the meaning of § 632 even if held in the presence of others. See Lieberman v. KCOP Television, Inc., 110 Cal. App. 4th 156, 169 (2003) (noting that the presence of others does not necessarily make an expectation of privacy unreasonable, but rather presents a question of fact for a jury). Rudolph has not identified any case holding that as a matter of law, a conversation that occurred in a public place could not carry with it an expectation of confidentiality. The cases Rudolph does cite involve instances where courts considered uncontested evidence of non-confidentiality or weighed evidence, rather than examples of courts considering motions to dismiss or determining whether a reasonable jury could find for a plaintiff. See Chamberlain v. Les Schwab Tire Center of Cal., Inc., 2012 WL 6020103, at *2–3 (E.D. Cal. Dec. 3, 2012) (declining to award sanctions where recording party submitted uncontroverted evidence that other people could overhear the recorded conversation, which took place in a tire store, a public place); Davis v. Los Angeles W. Travelodge, 2009 WL 4260406, at *2 (C.D. Cal. Oct. 8, 2009) (denying motion in limine to exclude recording made in hotel lobby, after weighing evidence and determining that there was no reasonable expectation of confidentiality). As a question of whether Plaintiffs have produced evidence such that a reasonably jury could find in their favor, or of whether their claim is legally sufficient, it is not the case that the conversation's having occurred in a public restaurant necessarily means that Whipple did not have a reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

expectation that the communication would remain confidential.[3]

The allegations in the FAC correspond exactly to those in Whipple's declaration. Plaintiffs allege that Whipple did not consent to Rudolph producing the Recording, that the two did not discuss anything substantive while others were within earshot, and that he expected the conversation to remain confidential. Whipple has stated a legally sufficient claim under Cal. Penal Code §§ 632 and 637.2.

Therefore, Plaintiffs have demonstrated their reasonable probability of succeeding on the merits of their first claim. Moreover that claim is not legally insufficient. Thus the special motion to strike must be denied as to the first claim.

   b.  Injunctive Relief

While the evidence underlying Plaintiffs' claim for injunctive relief is the same as that supporting their § 632 claim, here legal insufficiency exists such that the special motion to strike must be granted.

The Court agrees with the majority of federal courts interpreting the issue, and with the most recent California decisions, that injunctive relief is an equitable remedy, rather than a separate cause of action. See, e.g., Colgan v. Mabus, 2012 WL 2061686, at *9 (S.D. Cal. June 6, 2012); Cox Commc'ns PCS, L.P. v. City of San Marcos, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002); Faunce v. Cate, 222 Cal. App. 4th 166, 172 (2013), reh'g denied (Jan. 3, 2014), review denied (Mar. 19, 2014).

Because Plaintiffs have correctly sought an injunction in their prayer for relief (see FAC, Prayer for Relief, ¶ 1), the Court grants the special motion to strike as to the second claim. The issue of injunctive relief remains in the case under Plaintiffs' claim under the Penal Code.

---

[3] Nor does the fact that the FAC acknowledges (and Whipple admits in his declaration) that Whipple was engaged in litigation with Rudolph. Rudolph argues that because of the nature of their relationship, Whipple could have had no expectation that the content of the conversation would remain between the two of them. But the California Supreme Court already noted that § 632 protects the interest against not having a conversation recorded, rather than the interest in keeping the content of the conversation private. See Flanagan v. Flanagan, 27 Cal. 4th 766, 774–75 (2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-1989 JVS (ANx)                         Date  May 14, 2014

Title  Safari Club International v. Dr. Lawrence P. Rudolph et al.

        c.        Negligence Per Se

      Rudolph argues that Plaintiffs' negligence per se claim must be stricken because there is insufficient evidence to support the § 632 claim on which the claim is predicated. Because that argument is disposed of by the analysis of the § 632 claim above, it is unnecessary to rehash it here.

      As to the legal sufficiency of the claim, "to state a cause of action under the negligence per se doctrine, the plaintiff must plead four elements: (1) the defendant violated a statute or regulation, (2) the violation caused the plaintiff's injury, (3) the injury resulted from the kind of occurrence the statute or regulation was designed to prevent, and (4) the plaintiff was a member of the class of persons the statute or regulation was intended to protect." Alejo v. City of Alhambra, 75 Cal. App. 4th 1180, 1184–85 (1999). In neither their motion to strike nor their motion to dismiss does Rudolph raise any argument about the legal sufficiency of the negligence per se claim other than that it is doomed by the failure of the § 632 claim. Because the Court has rejected that argument, the negligence per se claim will not be stricken.

        d.        Common Law Invasion of Privacy

      Common law invasion of privacy has two elements: "(1) intentional intrusion into a private place, conversation, or matter, (2) in a manner highly offensive to a reasonable person." Sanders v. Am. Broadcasting Cos., 20 Cal. 4th 907, 922 (1999) (internal quotation marks and citations omitted).

      Rudolph presses two arguments to suggest that Plaintiffs have not shown a fair probability of succeeding on the merits of their claim. The first is that as a matter of law, Whipple could have had no reasonable expectation of privacy under the circumstances. But as to Plaintiffs' evidentiary showing and the legal sufficiency of the FAC, the Court has rejected that argument. Whipple's declaration contains evidence from which a reasonable jury could find in his favor. And the FAC alleges that Rudolph intruded into Rudolph's privacy by secretly recording a private conversation and then disseminating excerpts of that conversation. (FAC ¶ 53.) The privacy prong is satisfied on the evidence and on the pleadings.

      Rudolph's second argument speaks primarily to the legal sufficiency of the claim,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 13-1989 JVS (ANx) Date May 14, 2014

Title Safari Club International v. Dr. Lawrence P. Rudolph et al.

suggesting that as a matter of law, Rudolph's intrusion was not highly offensive. In assessing the "offensive" prong, courts look to the "context, conduct, and circumstances surrounding the intrusion, as well as the intruder's motives and objectives, the setting into which he intrudes, and expectations of those whose privacy is invaded." Wilkins v. Nat'l Broadcasting Co., 71 Cal. App. 4th 1066, 1075–76 (1999) (internal quotation marks and citation omitted). While Rudolph is correct that a finding that conduct was plausibly described as highly offensive is generally confined to contexts where a private place is entered without permission or via deception, see Deteresa v. Am. Broadcasting Cos., Inc., 121 F.3d 460, 466 (9th Cir. 1997), both Whipple's declaration and the FAC allege that Rudolph persuaded Whipple to meet with him by telling him that Whipple had only been sued as the president of Safari Club, thus using his friendship with Whipple to arrange a meeting at which to record him. The Court also considers that here, unlike the audio recording at issue in Deteresa, the Recording was edited into the Rudolph Video, which was made public. Cf. id. Moveover, the FAC alleges the violation of a statute that carries criminal penalties. The Court is persuaded by the judgment of the California legislature regarding the seriousness of such illicit recordings that recording someone as Rudolph is alleged to have done here is a highly offensive means of intruding into someone's privacy.

Because the invasion of privacy claim is supported by sufficient evidence and the allegations are legally sufficient, the special motion to strike is denied as to that claim.

   e.  False Light Invasion of Privacy

An essential element of a false light claim is that the defendant must have "caused to be generated publicity of the plaintiff that was false or misleading." Cannon v. City of Petaluma, 2011 WL 3267714, at *3 (N.D. Cal. July 29, 2011). Rudolph argues, and the Court agrees, that because Whipple admits that he is the person in the video and nowhere even alleges, much less presents evidence, that any of his recorded statements were untrue or inaccurately recorded, that he cannot meet his burden on the second prong of the anti-SLAPP analysis.

Though the FAC includes conclusory allegations to the effect that Rudolph placed Whipple in a false light through producing the Recording and using excerpts from it to create the Rudolph Video, Whipple has provided no evidence of any kind to suggest that either the Recording or Rudolph Video placed Whipple in a light that was false or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 13-1989 JVS (ANx)     Date   May 14, 2014

Title    Safari Club International v. Dr. Lawrence P. Rudolph et al.

misleading. Because of this failure to present any evidence, the Court concludes that Plaintiffs have not met their burden to show a reasonable probability of success and grants the special motion to strike as to the false light claim.

         f.       Intentional Infliction of Emotional Distress

      To prevail on a claim of intentional infliction of emotional distress, a plaintif must show "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). Rudolph contends that Plaintiffs have not shown any evidence of outrageous conduct or that Whipple suffered severe emotional distress.

      The Court has already rejected the first argument in its discussion of the common law invasion of privacy claim. As to the second, emotional distress may consist of "any highly unpleasant mental reaction" such as grief, shame, humiliation, or embarrassment. Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1376 (2010) (internal quotation marks and citation omitted). That emotional response must be severe and neither trivial nor transient. Id. Though a jury must determine whether in fact such emotional distress in fact existed, the Court must determine whether a plaintiff's assertions could constitute emotional distress "of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." Id. (internal quotation marks and citation omitted). In Wong, a court held that a complaint's allegations that the plaintiff had suffered severe emotional damage, manifested through lost sleep, an upset stomach, and generalized anxiety in response to being professionally criticized in an online review were insufficient to state a claim for intentional infliction of emotional distress. Id. at 1377.

      Whipple's declaration includes evidence that Whipple would suffer humiliation and damage to his reputation within the hunting and conservation community, particularly the membership of Safari Club, a group of which he is a leader. (See Whipple Decl. ¶ 17.) Whipple's evidence, in a case that, like Wong, involves publishing a critical commentary on Plaintiffs' conduct, amounts to no more evidence of severe emotional distress than the allegations in Wong would have had they been proven.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

Thus, the Court concludes that Plaintiffs have not met their burden of showing a fair probability of success on their intentional infliction of emotional distress claim. This alone is enough to grant the special motion to strike. Moreover, the allegations regarding severe emotional distress in the FAC are the same as those in Whipple's declaration. (See FAC ¶ 67–68.) Thus the claim is also legally insufficient. The special motion to strike is granted.

        g.    Negligent Infliction of Emotional Distress

Because the requirements regarding severe emotional distress are the same in intentional infliction and negligent infliction cases, see Wong, 189 Cal. App. 4th at 1378, the Court's analysis of that claim applies equally here. Thus the Court grants the special motion to strike as to the negligent infliction of emotional distress claim.

    B.    Motion to Dismiss

Because the Court grants the special motion to strike as to the claims for injunctive relief, false light invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress, the motion to dismiss is necessarily denied as moot as to those claims.

Because the analysis of legal sufficiency on the second prong of the anti-SLAPP motion is coextensive with the analysis under Rule 12(b)(6), the Court denies the motion to dismiss Plaintiffs claims for violation of § 632, negligence per se, and common law invasion of privacy.

## IV.    Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part the special motion to strike and DENIES the motion to dismiss.

Pursuant to Cal. Code. Civ. P. § 425.16(c), Rudolph is entitled to recover his attorney fees and costs associated with defending against Plaintiffs' claims for injunctive relief, false light invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-1989 JVS (ANx)                                    Date  May 14, 2014

Title  Safari Club International v. Dr. Lawrence P. Rudolph et al.

IT IS SO ORDERED.

                                                                                        :         00
                                              Initials of Preparer        kjt