Patricia P. Hollenbeck (SBN 121765)
Michelle Hon Donovan (SBN 234492)
Heather U. Guerena (SBN 238122)
Jess R. Booth (SBN 245430)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619 744 2200
Facsimile:  619 744 2201
E-mail:   phollenbeck@duanemorris.com
           jrbooth@duanemorris.com
           mhdonovan@duanemorris.com
           huguerena@duanemorris.com

Attorneys for Defendant,
DR. LAWRENCE P. RUDOLPH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, and JOHN WHIPPLE, an Individual,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. LAWRENCE P. RUDOLPH, and DOES 1 THROUGH 10 INCLUSIVE,<br><br>        Defendants. | Case No.: 13-cv-01989 JVS (ANx)<br><br>**DEFENDANT'S EX PARTE APPLICATION TO CONTINUE DEADLINE TO FILE MOTION FOR ATTORNEYS' FEES**<br><br>Ctrm:    10C<br>Judge:   Hon. James V. Selna |

## I.    INTRODUCTION

On December 23, 2013, this case was initiated when Defendant Lawrence Rudolph ("Dr. Rudolph") removed the matter from state court. (ECF No. 1). On January 16, 2014, the Court issued an Order denying Plaintiffs' Application for Preliminary Injunction (ECF No. 27). On February 3, 2014, Plaintiff filed the Verified First Amended Complaint (ECF No. 36). On March 19, 2014, Defendant filed a Motion to Strike Plaintiffs' Verified First Amended Complaint ("Motion to

Strike") (ECF No. 48) as a "strategic lawsuit against public participation" (SLAPP) that challenges Defendant's protected free speech conduct in violation of California's anti-SLAPP statute.  The Court issued a tentative ruling granting the Special Motion to Strike and denying the Motion to Dismiss as moot.  On May 5, 2014, the Court held oral argument on the Special Motion to Strike and Motion to Dismiss.  (ECF No. 59). On May 14, 2014, the court issued an Order granting in part and denying in part the Special Motion to Strike (ECF No. 60) relying on and citing for the first time Whipple's Declaration previously submitted in support of the Emergency Ex Parte Motion for Temporary Restraining Order.

As part of the Order (ECF No. 60) the Court stated the following in the conclusion:  "Pursuant to Cal. Code. Civ. P. § 425.16(c), Rudolph is entitled to recover his attorney fees and costs associated with defending against Plaintiffs' claims for injunctive relief, false light invasion of privacy, intentional infliction of emotion distress, and negligent infliction of emotional distress."  The deadline for filing the motion for attorneys' fees is Wednesday May 28, 2014.

## II.   REQUESTED RELIEF

### A.   Extension of Deadline to File Motion for Attorneys' Fees

Rudolph intends to file a motion for reconsideration of the Court's order denying in part and granting in part the special motion to strike (ECF No. 60).  A motion for reconsideration may be construed under either Federal Rule of Civil Procedure ("FRCP") 59(e) or 60(b).  FRCP 59(e) permits the Court to alter or amend a judgment, while FRCP 60(b) permits the Court, on motion and just cause, to relieve a party from an order issued.  Generally, "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)

(Internal citation omitted).  A motion for reconsideration is also permitted by Local Rule 7-18.

Dr. Rudolph intends to file his motion for reconsideration on or before Friday, May 30, 2014, which is within the timeframe for filing the motion.

The motion for attorneys' fees is due on Wednesday, May 28, 2014, pursuant to the Court's May 14, 2014 Order (ECF No. 60).  If the motion for reconsideration is granted, or if the Court amends its order of May 14, 2014, the scope of the attorneys' fees motion may change.  Dr. Rudolph submits that judicial and legal resources will be wasted if he is required to submit his motion for attorneys' fees before the motion for reconsideration is briefed, argued, and decided.  Because the motion for reconsideration may impact the attorneys' fees motion, the Court will likely stay, or delay ruling on, the attorneys' fees motion until after the motion for reconsideration is heard.  After the court issues its order on the motion for reconsideration, Dr. Rudolph will likely have to either supplement his motion for fees or file a completely different motion.  Under either scenario, Rudolph's fee request will increase if the deadline is not continued until after the motion for reconsideration is decided.  Therefore, the interests of judicial and legal efficiency dictate that the current deadline for the motion for attorneys' fees should be extended.

**B.     Ex Parte Notice**

In light of the increased cost of preparing serial motions on the same issue, and the unnecessary waste of effort by the Court and the parties, counsel for Dr. Rudolph contacted counsel for Plaintiffs SCI and Whipple and suggested that the parties stipulate to extend the deadline for the attorneys' fees motion until the motion for reconsideration is decided.  The discussion regarding the joint request for continuance was conducted during the "meet and confer" process for the attorneys' fees motion and the motion for reconsideration on Thursday, May 22, 2014.  On Friday, May 23, at 4:48 p.m., counsel for SCI advised that neither he nor counsel for Whipple would stipulate to continue the deadline for filing the motion.

Counsel for Dr. Rudolph responded to the refusal to cooperate by way of email at 5:36 p.m. on Friday May 23, 2014.  At 5:46 p.m. on May 23, counsel for Rudolph called Vince Verde (counsel for SCI) to give notice for the instant ex parte motion to continue the deadline for the attorneys' fees motion.  At 5:47 p.m. on May 23, counsel for Rudolph called Joseph Nardulli (counsel for Whipple) to give notice for the instant ex parte motion to continue the deadline for the attorneys' fees motion.  Neither attorney was available and thus received a voicemail.  A follow up email giving notice was sent at 8:34 p.m. that same evening.

### III.   CONCLUSION

Dr. Rudolph asks this Court to enter an order continuing the deadline for the filing of the motion for attorneys' fees to 14 days following this Court's order on the motion for reconsideration.

Dated: May 27, 2014

**DUANE MORRIS LLP**

By:        s/ *Patricia P. Hollenbeck*
Patricia P. Hollenbeck
Jess R. Booth
Michelle Hon Donovan
Heather U. Guerena
Attorneys for Defendant,
DR. LAWRENCE P. RUDOLPH