UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | July 21, 2014 |
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

Present: The Honorable    James V. Selna

| Denise Vo | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (IN CHAMBERS):  Order Granting Defendant Rudolph's Request for Attorneys' Fees and Costs

  **The Court, having been informed by the parties that they submit on the tentative ruling previously issued, hereby DENIES the defendant's motion referenced above and rules in accordance with the tentative ruling as follows:**

  In its May 14, 2014 Order ("MTS Order," Docket No. 60), this Court granted in part and denied in part Defendant Lawrence P. Rudolph's ("Rudolph") motion to strike Plaintiffs John Whipple ("Whipple") and Safari Club International's ("Safari Club") (together, "Plaintiffs") First Amended Complaint ("FAC," Docket No. 36) pursuant to "Anti-SLAPP Motion," Cal. Code Civ. P. § 425.16. Rudolph moves to recover attorneys' fees incurred defending the stricken claims. (Docket Number 65-1.) Plaintiffs oppose. (Docket Number 74.) Rudolph has filed a reply. (Docket No. 77.)

  For the following reasons, the Court GRANTS Rudolph $44,972.41 in attorneys' fees.

## 1. Factual Background

  Safari Club is an international hunting and wildlife conservation organization with approximately 50,000 members and nearly 200 chapters across 26 countries. (FAC ¶ 6.) Between 2009 and 2011, Rudolph served as Safari Club's president. (Id. ¶ 10.) After serving as president, Rudolph served as Safari Club's Chief Communications Officer. (Id. ¶ 11.) In August 2012, believing Rudolph to have breached his duties of loyalty, care, and fair dealing, Safari Club expelled Rudolph. (Id. ¶¶ 12–13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                          Date   July 21, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

      In November 2012, Rudolph filed a lawsuit against Safari Club and a number of individuals, including Whipple, in the Western District of Pennsylvania. (Id. ¶ 15.)

      On February 20, 2013, Whipple met with Rudolph at Rudolph's request in Orange County, California. (Id. ¶ 16.) At that time, Whipple was the President of Safari Club and a named defendant in the lawsuit Rudolph had filed. (Id. ¶ 18.) Whipple had known Rudolph for twelve to fifteen years prior to that meeting and considered him a friend. (Id. ¶ 20.)

      Rudolph and Whipple met for approximately five hours at an Orange County restaurant called Wineworks for Everyone on the afternoon of February 20, 2013. (Id. ¶¶ 22–23.)

      Rudolph secretly made a recording of the conversation with Whipple ("the Recording,"), which Whipple was unaware of at the time, and did not consent to. (FAC ¶¶ 27–28.) Rudolph has shared the Recording with his attorneys and used it to create a video presentation ("the Rudolph Video") for public dissemination. (Id. ¶ 31; Rudolph Decl. ¶ 22, Docket No. 48-2.)

      On December 23, 2013, Rudolph removed to this Court an action that Plaintiffs had filed against him in Orange County Superior Court alleging violation of Cal. Penal. Code § 632. (Notice of Removal, Docket No. 1.) On January 16, 2014, the Court denied Plaintiffs' request for a preliminary injunction. (Order, Docket No. 27.) An appeal of that ruling is pending in the Ninth Circuit. The Ninth Circuit denied Plaintiffs' application for a stay. (Docket No. 57.)

      After the Temporary Restraining Order in this action was dissolved, Rudolph published the Rudolph Video on Youtube to share it with Safari Club members and the public at large, as well as to use Whipple's statements in the Rudolph Video as evidence in Rudolph's ongoing litigation with Safari Club in other jurisdictions.[1] (Rudolph Decl. ¶¶ 22–24.)

      On February 3, 2014, Plaintiffs filed the FAC. (Docket No. 36.) The FAC alleges seven causes of action: (1) invasion of privacy in violation of Cal. Penal Code. §§ 632 &

---

[1] The Rudolph Video is available at http://www.youtube.com/watch?v=2aYY0YF4ktA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                                Date   July 21, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

637.2; (2) injunctive relief; (3) negligence per se; (4) common law invasion of privacy; (5) false light invasion of privacy; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. (See FAC.)

  Rudolph filed a motion to dismiss the claims (Docket No. 47) and a special motion to strike Plaintiffs' FAC pursuant to California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16 ("Anti-SLAPP Motion," Docket No. 48). The Court denied Rudolph's motion to dismiss as moot and granted in part and denied in part Rudolph's motion to strike. (See MTS Order, Docket No. 60.) Rudolph succeeded in striking the claims for injunctive relief, false light invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Id.) The issue of injunctive relief was improperly pleaded as a cause of action, but survived as an equitable remedy. (MTS Order at 11.)

  Pursuant to Cal. Code. Civ. P. § 425.16(c), Rudolph is entitled to recover his attorney fees and costs associated with defending against Plaintiffs' stricken claims. The present motion seeks to recover those fees.

  Rudolph is represented in California by Duane Morris LLP ("Duane Morris"). From the inception of the case to the filing of the FAC, Rudolph incurred $84,146.50 in legal fees from Duane Morris. (Hollenbeck Decl. ¶ 8, Ex. A.; Mot. at 7.) From the filing of the FAC through the anti-SLAPP motion Rudolph incurred $54,029.50 in legal fees from Duane Morris. (Hollenbeck Decl. ¶ 16, Ex. A; Mot. at 8.) From the filing of the FAC through the anti-SLAPP motion, Rudolph was also represented by Steele Schneider in this matter, incurring $19,905.00 in legal fees. (Hollenbeck Decl. ¶ 16; Steele Decl. ¶8, Ex. A, Docket No. 65-2; Mot. at 8–9.) Steele Schneider is a Pennsylvania law firm that represented Rudolph in his November 2012 Pennsylvania lawsuit. (Steele Decl. ¶ 4.)

**2. Legal Standard**

  Under Cal. Code Civ. P. § 425.16(c), "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001). "[T]he fee provision applies only to the motion to strike, and not to the entire action." S.B. Beach Properties v. Berti 39 Cal. 4th 374, 381 (2006) (citing with approval Lafayette Morehouse, Inc. v. Chronicle Publishing Co., 39 Cal. App. 4th 1379, 1384 (1995)) (other citations omitted). The moving party has the burden

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-1989 JVS (ANx)             Date  July 21, 2014

Title  Safari Club International v. Dr. Lawrence P. Rudolph et al.

to show it is entitled to an award by submitting documentation of time spent and the reasonable hourly compensation of each attorney. Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1320 (2008). "To that end, the court may require [a] defendant[ ] to produce records sufficient to provide a proper basis for determining how much time was spent on particular claims." Id. (quoting ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1020 (2001)).

The calculation of attorneys' fees is guided by the "lodestar/multiplier" analysis. See Ketchum, 24 Cal. 4th at 1134 (2001); see also Hensley v. Eckerhart, 461 U.S. 424 (1983). "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" Ketchum, 24 Cal. 4th at 1131–32 (quoting Serrano v. Priest, 20 Cal. 3d 25, 48 (1977)). In determining reasonable compensation, courts "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.'" Id. at 1132 (quoting Serrano, 20 Cal. 3d at 48). "The lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court" based on a variety of factors. Id.

To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of
> the questions involved; (3) the skill requisite to perform the legal
> service properly; (4) the preclusion of other employment by the
> attorney due to acceptance of the case; (5) the customary fee;
> (6) whether the fee is fixed or contingent; (7) time limitations
> imposed by the client or the circumstances; (8) the amount involved
> and the results obtained; (9) the experience, reputation, and ability
> of the attorneys; (10) the "undesirability" of the case; (11) the nature
> and length of the professional relationship with the client; and
> (12) awards in similar cases.

Fischel v. Equitable Life Assurance Society, 307 F.3d 997, 1007 n.7 (9th Cir. 2001). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | July 21, 2014 |
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

Court is cautious not to adjust the lodestar figure based on any of the foregoing factors that are subsumed into the original lodestar calculation. Morales v. City of San Rafael, 96 F.3d 359, 364, 364 n.9 (9th Cir. 1996).

When determining the lodestar amount in an anti-SLAPP motion, the prevailing party cannot recover for fees incurred on unsuccessful causes of action. ComputerXpress 93 Cal. App. 4th at 1020 (2001). If attorneys' work on successful and unsuccessful causes of action overlap, defendants are not entitled to obtain the entirety of that work's fees as a matter of right. Mann v. Quality Old Time Serv., Inc., 139 Cal. App. 4th 328, 345 (2006).

Instead, the court should first determine the lodestar amount for the hours expended on the successful claims, and, if the work on the successful and unsuccessful causes of action was overlapping, the court should then consider the defendant's relative success on the motion in achieving his or her objective, and reduce the amount if appropriate.

This analysis includes factors such as the extent to which the defendant's litigation posture was advanced by the motion, whether the same factual allegations remain to be litigated, whether discovery and motion practice have been narrowed, and the extent to which future litigation expenses and strategy were impacted by the motion.

Malin v. Singer, 217 Cal. App. 4th 1283, 1305 (2013) (quoting Mann, 139 Cal. App. 4th at 345). The fees awarded should be commensurate with the extent the motion changed the character of the lawsuit in a practical way. Mann, 139 Cal. App. 4th at 345.

**3.      Discussion**

**3.1     Fees Incurred: Initial Filing–FAC**

Rudolph is seeking 100% of his total fees from Duane Morris LLP incurred from the filing of the initial complaint to the filing of the FAC, or $84,146.50. (Mot. at 7.)

Plaintiffs argue they should not be responsible for attorneys' fees incurred before the FAC was filed because it is "well-established" that the anti-SLAPP statute's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                                   Date   July 21, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

mandatory fees provision applies only to the motion to strike, which was filed in response to the FAC. (Opp'n at 4–6.) Plaintiffs offer six cases[1] to support this proposition. (Id. at 4–5.)

      Rudolph argues that these cases rely on Lafayette Morehouse, 39 Cal. App. 4th at 1383 and the Court should question the "continuing viability of Lafayette Morehouse" based on Manufactured Home Communities, Inc. v. County of San Diego, 655 F.3d 1171 (9th Cir. 2011). (Reply at 2–3.) His argument progresses as follows. The Ninth Circuit stated that "Lafayette Morehouse may have been superseded by statute"[2] in Manufactured Home. (Mot. at 5.) Because this case was decided by the Ninth Circuit, it is binding on this Court. (Reply at 3.) Therefore, Rudolph argues, the court should conclude that Lafayette Morehouse was superseded by statute, apply a Metabolife analysis, and award him all fees incurred since the inception of the case. (Mot. at 2–6); Metabolife Int'l v. Wornick, 213 F.Supp. 2d 1220 (S.D. Cal. 2002).

      Rudolph's argument fails for multiple reasons. First, the court's statement in Manufactured Home is dicta. The court did not rely on this statement in its decision, instead choosing to distinguish its facts from Lafayette Morehouse. Manufactured Home, 655 F.3d at 1181. Further, if that court intended the statement to be binding, it is unlikely the court would have phrased it so softly. Id. (noting that "Lafayette Morehouse may have been superseded by statute," not that it was superseded by statute (emphasis added)). The Court is not bound to conclude that Lafayette Morehouse has been superseded by statute.

      Second, Manufactured Home is not entitled to special weight of authority over California Courts because it was decided by the Ninth Circuit. Metabolife, 213 F.Supp. 2d at 1221 ("The California anti-SLAPP statute should be applied in federal court as it is in state court.") (citing United States ex rel. Newsham v. Lockheed Missiles & Space Co.,

---

[1] Christian Research Institute v. Alnor, 165 Cal. App. 4th 1315, 1324 (2008) (quoting Lafayette Morehourse, Inc. v. Chronicle Publishing Co., 39 Cal. App 4th 1379, 1383 (1995)); SB. Beach Properties v. Berti, 39 Ca1. 4th 374, 384 (2006); Platypus Wear, Inc. v. Goldberg, 166 Cal. App. 4th 772, 785 (2008); Maughan v. Google, 143 Cal. App. 4th 1242, 1249 (2006); Blackburn v. ABC Legal Services, Inc., 2012 WL 1067632, at *4 (N.D. Cal. Feb. 24, 2012); Sycamore Ridge Apartments, LLC v. Naumann, 2008 WL 7375421 (Trial Court Order) (Cal. Super.).

[2] The California Legislature amended the anti-SLAPP statute in 1997, two years after Lafayette Morehouse was decided, stating that the statute should be "construed broadly." Briggs v. Eden Council for Hope & Opportunity, 19 Cal. 4th 1106, 1119 (1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | July 21, 2014 |
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

Inc., 190 F.3d 963, 972 (9th Cir. 1999)); see also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). The Ninth Circuit's decision in Manufactured Home has precedential weight, but it must be considered in the context of California law.

      Third, Manufactured Home is easily distinguishable from the present case. In Manufactured Home, the Ninth Circuit reversed and remanded a district court order granting an anti-SLAPP motion to strike. Manufactured Home 655 F.3d at 1175–76. On remand, the defendant filed a renewed motion to strike under the anti-SLAPP statute. Id. at 1176. The motion was granted and the court awarded the defendant fees for both the original motion to strike and the post-remand motion to strike. Id.

      While the court in Manufactured Home did award attorneys fees for work completed on multiple motions, both motions were anti-SLAPP motions arising from the same set of facts and causes of action. Id. at 1181. The court explicitly distinguished that situation from Lafayette Morehouse, wherein an award for attorneys' fees for an entire action was overturned because only one of the seven causes of action asserted were stricken. Compare id. with Lafayette Morehouse, 37 Cal. App. 4th at 861 (1995).

      Here, however, Rudolph can make no such distinction. No work completed prior to the FAC's filing is subject to the anti-SLAPP statute because it was completed prior to the pressing of any claims which triggered the statute. Thus, none of the work completed before the FAC's filing was completed in connection with the motion to strike. Accordingly, Rudolph is not entitled to recover attorneys' fees for work completed before the FAC was filed, and the Court awards him $0 of the requested $84,146.50.

**3.2    Fees Incurred: FAC–Anti-SLAPP Motion (Duane Morris LLP)**

**3.2.1  The Stricken Causes of Action**

      For the period between the filing of the FAC to the anti-SLAPP motion, Rudolph is seeking 70% of his total fees from from Duane Morris LLP, or $37,820.65 of $54,029.50 incurred. (Mot. at 9.) Rudolph claims this reduction "reflects the amount [he] reasonably incurred in connection with" the stricken claims. (Id.)

      First, Plaintiffs argue that Rudolph has failed to meet his burden to show entitlement to an award because he did not identify the amount of time devoted to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | July 21, 2014 |
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

anti-SLAPP motion or which fees were incurred litigating causes of action that were stricken. (Opp'n at 8.)

Second, Plaintiffs object to fees related to five events: the filing of (1) a motion to dismiss (Docket No. 47) and (2) a related reply (Docket No. 55); (3) a Rule 26 conference; (4) the drafting and filing of a Joint Rule 26 Report (Docket No. 45); and (5) initial written discovery. (Id.)

Third, Plaintiffs argue that Rudolph should not be able to recover fees resulting from the claim for an injunction because it survives as a prayer for relief. (Opp'n at 7.)

Finally, Plaintiffs argue that the central issues being litigated are whether Rudolph's conduct violated Cal. Pen. Code Sections 632 and 637.2 and whether Plaintiffs are entitled to injunctive relief. (Opp'n at 2.) They claim that except for injunctive relief, which survives as a prayer for relief, the stricken causes of action only accounted for five of the 24 pages in the Motion, and one of ten in the reply. (Id.)

As to Plaintiffs' first argument, the Court is not persuaded that Rudolph has failed to meet his burden because he did not identify which fees were incurred litigating the stricken causes of action. Rudolph has identified the fees incurred by Duane Morris between the FAC and the anti-SLAPP motion. It would be impractical for him to further break down these fees into those incurred litigating the stricken causes of action. The attorneys worked on the all issues concurrently and they involved common factual and legal issues. Rudolph has provided Duane Morris attorney Patricia Hollenbeck's declaration and invoices describing the work performed during this time period, its completion date, and the completing attorney. (Hollenbeck Decl. ¶ 16, Ex. A.) While the firm's block billing does make it more difficult to discern precisely what was completed,[4] the invoices coupled with the Court's analysis of the moving papers are sufficient to approximate the work that was completed on the stricken causes of action.

Plaintiffs' second argument focuses on specific events for which they believe Rudolph should not be able to recover. "If the items appearing in a cost bill appear to be

---

[4] The Court notes that some blocks were particularly opaque. (See, e.g. Hollenbeck Decl. Ex. A at 24 (a 4.2 hour block describing work on both the anti-SLAPP motion and Rule 26(F) Report); Id. at 30 (a similar 4.8 hour block); Id. at 36 (a 7.5 hour block only described as "Finalized detailed reply in support of special motion to strike, including legal research in support of same.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-1989 JVS (ANx)                    Date   July 21, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary." Ladas v. California State Auto. Assn., 19 Cal. App. 4th 761, 774 (1993). "On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." Id. Plaintiffs first object to fees associated with the motion to dismiss and the related reply. However, where an anti-SLAPP motion is brought on the grounds that the plaintiff's claim is legally deficient, the Court adjudicates the motion under the standards for a Rule 12(b)(6) motion to dismiss. See Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1109 (C.D. Cal. 2009); In re Bah, 321 B.R. 41, 45 n.6 (B.A.P. 9th Cir. 2005). The hours spent working on the motion to dismiss and the related reply addressed the legal sufficiency of the causes of action, which was also at issue in the motion to strike. Thus, Rudolph is entitled to recover all fees for work completed on the stricken causes of action in the motion to dismiss, and an adjusted amount of the fees in the motion to dismiss for issues that overlapped with the stricken causes of action. The Court agrees that Rudolph should not be able to recover fees for the remaining three events because they were unrelated to the motion to strike. Rudolph cannot recover fees from the Rule 26 conference, the Joint Rule 26 Report, and the initial written discovery. The Court approximates that 5% of the fees incurred during this time period were in connection with these events, and thus Rudolph is not entitled to 5% of the $54,029.50 incurred, or $2,701.48. The remaining $51,328.02 were incurred litigating the motion to dismiss.

In regard to Plaintiffs' third argument, the Court partially agrees that Rudolph should not be able to recover fees incurred litigating the claim for injunctive relief because it survives as a prayer for relief. Because the injunction survives, Plaintiffs may only recover an adjusted amount of the time spent litigating its merits because it overlaps with the stricken causes of action. Time spent arguing that the injunction should not be allowed as a cause of action, in contrast, is fully recoverable.

Plaintiffs' final argument that the stricken causes of action did not comprise a significant amount of attorney time is relevant because Plaintiffs are only entitled to recover the full costs of time spent working on stricken causes of action. The remaining fees will be scaled by the factors articulated in Mann. To appropriately apportion these fees, the Court must determine approximately how much attorney time was dedicated to the stricken causes of action and the overlapping issues.

The Court first approximates how much attorney time was spent on stricken causes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1989 JVS (ANx) | Date | July 21, 2014 |
|---|---|---|---|

| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |
|---|---|

of action. Plaintiffs' contention that only six of 34 pages in the Motion and Reply were dedicated to causes of action is instructive. While pages are not perfect proxies, it is clear from the energy invested by the parties that the major action in this case was not dedicated to the stricken causes of action. The Court approximates 20% of the time expended in this case was dedicated to the stricken causes of action. Accordingly, the Court awards Rudolph $10,265.60, 20% of the fees incurred litigating the motion to dismiss and motion to strike.

### 3.2.3  Overlapping Issues

Next, the Court turns determines what other work overlapped with the stricken causes of action. Much of the work performed did overlap with the stricken causes of action—specifically, time spent on factual history, general anti-SLAPP legal standards, and argument that Plaintiffs' suit arises from a protected activity. Given the complexity of these sections relative to the rest of the papers, the Court approximates that 50% of the time attorneys spent was on overlapping issues.

The Court must determine how it should adjust the lodestar amount. The adjustment should be commensurate with the extent the motion changed the character of the lawsuit in a practical way. Mann 139 Cal. App. 4th at 345. In making its decision the court must balance competing public policy interests: the desire to discourage meritless SLAPP claims while preserving a plaintiff's constitutional petition rights to bring facially valid claims. Id. at 344–45.

First, Rudolph's litigation posture was advanced by the motion. Three of seven causes of action did not survive, and Rudolph avoided facing potentially costly punitive damages. However, because these claims lacked even the sufficiency to survive a motion to dismiss, they were unlikely to be major factors later in the litigation.

Second, the stricken causes of action did not eliminate significant factual issues to be litigated. Plaintiffs produced no evidence to support their false light invasion of privacy claim, so there were no factual issues to resolve. The negligent and intentional infliction of emotional distress causes of action were similarly weak on evidence, providing only a declaration stating Whipple would suffer humiliation and damage to his reputation. This was not a significant factual issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | July 21, 2014 |
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

Third, because Rudolph's motion was unsuccessful at eliminating significant factual issues, discovery was not significantly narrowed. And, given the insufficiency of the stricken claims, they would likely be eliminated from the action quickly, so motion practice was also not significantly narrowed.

Finally, for the same reasons discovery and motion practice were not significantly narrowed, future litigation expenses and strategy were not significantly impacted by the motion.

Because these factors do not convincingly show the motion significantly changed the character of the lawsuit, the Court awards Rudolph 70% of the fees incurred on overlapping issues. Accordingly, the Court awards Rudolph 70% of 50% of the fees incurred litigating the motion to dismiss and motion to strike, or $17,964.81.

### 3.3 Fees Incurred: FAC–Anti-SLAPP motion (Steele Schneider)

Rudolph argues that the fees incurred from Steele Schneider's representation are reasonable because due to the overall complexity of the litigation and its representation of Rudolph in related actions. (Mot. at 8.) Rudolph contends that Steele Schneider's historic knowledge of related litigation is integral to this action. (Reply at 7.)

Plaintiffs object to the fees incurred from Steele Schneider's representation of Rudolph, alleging they are not reasonable because Steele Schneider is a Pennsylvania law firm with no apparent anti-SLAPP expertise. (Opp'n at 8.)

The court is puzzled as to Steele Schneider's role in the anti-SLAPP litigation. The anti-SLAPP statute is California-specific, and Rudolph has offered no evidence of any prior anti-SLAPP work completed by Steele Schneider. Rudolph contends in his Reply that Steele Schneider's historic knowledge of related litigation "eliminate[d] the need for California counsel to incur additional fees to learn the background of the other two actions . . . ." (Id.) Yet Steele Schneider attorneys billed 91.28 hours related to this action. Certainly, it should not require California counsel 91 hours to learn the background of the related actions.

Additionally, Justin Steele's declaration does not indicate that any significant amount of time was spent briefing the California attorneys on the related actions. Steele's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | July 21, 2014 |
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. | | |

declaration specifies his law firm (1) reviewed research (Steel Decl. ¶ 12) (2) reviewed legal support (id.), (3) reviewed pleadings (id.), (4) provided strategy development and guidance (id. ¶ 13) (5) provided editing (id.), and (6) drafted legal filings (id. ¶ 13). None of these services are exclusive to providing background information to Duane Morris, and the extent to which their knowledge of related actions would enable them to contribute to these services does not justify over 90 hours of labor.

Because Plaintiffs have objected to Steele Schneider's fees, Rudolph has the burden to show the fees were reasonable or necessary. Rudolph has not met his burden. Accordingly, the Court awards him no fees for the work of Steele Schneider.

### 3.4    Fees Incurred: Request for Attorneys' Fees

Both the Ninth Circuit and California recognize that counsel should be compensated for time reasonably spent on a fee petition. Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1544 (9th Cir. 1992), vacated in part on other grounds by 984 F.2d 345 (9th Cir. 1993) ("This Court has repeatedly held that time spent by counsel in establishing the right to a fee award is compensable."); Serrano v. Unruh, 32 Cal. 3d 621, 639 (1982).

Rudolph incurred $10,622.00 in attorneys' fees for preparing the Motion (Hollenbeck Decl. ¶ 10) and $6,120.00 for preparing the Reply (Supplemental Hollenbeck Decl. ¶ 4). The Court finds these costs reasonable, and accordingly awards Rudolph $16,742.00 in attorneys fees.

### 4.    Conclusion

For the foregoing reasons, the Court awards Rudolph a total of $44,972.41. This sum includes $10,265.60 spent litigating the stricken causes of action, $17,964.81 spent litigating overlapping issues, and $16,742.00 spent preparing the present Motion and Reply. The Court does not award any fees for work completed before the filing of the FAC, nor for the work of Pennsylvania law firm Steele Schneider. This sum is to be paid within 30 days.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                                    Date   July 21, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

                                                                                                                              :   00

Initials of Preparer    kjt