Name  Duane Morris LLP, Heather U. Guerena (SBN 238122)

Address  750 B Street, Suite 2900

City, State, Zip  San Diego, CA 92101

Phone  619-744-2208

Fax  619-923-2624

E-Mail  huguerena@duanemorris.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Safari Club International, and John Whipple, | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | 8:13-cv-01989-JVS-AN |
| v. Lawrence P. Rudolph | |
| DEFENDANT(S). | **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____ Lawrence P. Rudolph _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
  Order on Motion to Strike (Dkt 60)
  Order on Motion for Reconsideration (Dkt 76)

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on ___ 5/14/14 & 7/2/14 ___. Entered on the docket in this action on 5/14/14 & 7/2/14 ___.

A copy of said judgment or order is attached hereto.

July 29, 2014                          s/ Patricia P. Hollenbeck

Date                                   Signature

                                       ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | | Date | May 14, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

| | | |
|---|---|---|
| Present: The Honorable | James V. Selna | |

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambersa)   Order Denying Defendant's Motion to Dismiss (fld 3-19-14) and Granting in Part and Denying in Part Defendant's Motion to Strike (fld 3-19-14)

Defendant Lawrence P. Rudolph ("Rudolph") moves this Court to dismiss Plaintiffs' John Whipple ("Whipple") and Safari Club International's ("Safari Club," and together, "Plaintiffs") verified First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss ("MTD"), Docket No. 47.)  Whipple opposes the motion. (Opp'n to MTD, Docket No. 52.) Rudolph has replied. (MTD Reply, Docket No. 55.)

In addition, Rudolph has filed a special motion to strike Plaintiffs' FAC pursuant to California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16. (Mot. to Strike ("MTS"), Docket No. 48.) Whipple opposes the motion. (Opp'n to MTS, Docket No. 51.) Rudolph has replied. (MTS Reply, Docket No. 56.)

Safari Club has given notice that it joins in both of Rudolph's oppositions. (Docket Nos. 53, 54.)

For the following reasons, the Court GRANTS in part and DENIES in part Rudolph's special motion to strike and DENIES the motion to dismiss.

## I.   **Background**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

The background is drawn from the FAC, other filings, and evidence submitted to this Court. In resolving a motion to dismiss under Rule 12(b)(6), the Court is generally limited to consideration of the allegations in the complaint, but may also consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. Because Plaintiffs' claims refer several times to the recording Rudolph made of his February 20, 2013 conversation with Whipple, the Court may consider the recording itself in resolving the 12(b)(6) motion. See Weiner v. ARS Nat'l Servs., Inc., 887 F. Supp. 2d 1029, 1030 n.1, 1031–32 (S.D. Cal. 2012) (taking judicial notice of transcript and audio file of recording allegedly made in violation of Cal. Penal Code § 632). Moreover, because the Court's decision to grant the special motion to strike, under which evidence beyond the pleadings may be considered, renders the motion to dismiss moot, it is appropriate to consider Rudolph's additional evidence.

Safari Club is an international hunting and wildlife conservation organization with approximately 50,000 members and nearly 200 chapters across 26 countries. (FAC ¶ 6, Docket No. 36.) Between 2009 and 2011, Rudolph served as Safari Club's president. (Id. ¶ 10.) After serving as president, Rudolph served as Safari Club's Chief Communications Officer. (Id. ¶ 11.) In August 2012, believing Rudolph to have breached his duties of loyalty, care, and fair dealing, Safari Club expelled Rudolph from his membership. (Id. ¶¶ 12–13.)

In November 2012, Rudolph filed a lawsuit against Safari Club and a number of individuals, including Whipple, in the Western District of Pennsylvania. (Id. ¶ 15.)

On February 20, 2013, Whipple met with Rudolph at Rudolph's request in Orange County, California. (Id. ¶ 16.) At that time, Whipple was the president of Safari Club and a named defendant in the lawsuit Rudolph had filed. (Id. ¶ 18.) Whipple had known Rudolph for twelve to fifteen years prior to that meeting and considered him a friend. (Id. ¶ 20.)

Rudolph and Whipple met for approximately five hours at an Orange County restaurant called Wineworks for Everyone on the afternoon of February 20, 2013. (Id. ¶¶ 22–23.) At Rudolph's urging, the two discussed the ongoing litigation between Rudolph

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                    Date   May 14, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

and Safari Club. (Id. ¶ 24.) The FAC alleges that at the time of their conversation, there were roughly five to ten other patrons in the room in which Rudolph and Whipple sat, but that none of those patrons was ever within earshot of their conversation. (Id.) The FAC also alleges that Rudolph and Whipple kept their voices at a noise level such that no one could overhear their conversation, and that when a server approached their table, the two would stop talking altogether or stop discussing anything substantive. (Id. ¶¶ 25–26.)

However, according to a declaration submitted by Rudolph, several patrons were sitting close enough that they could have overheard the conversation, neither Whipple nor Rudolph lowered their voices or curtailed their conversation, and there was nothing in Whipple's body language to indicate he was attempting to maintain privacy. (Rudolph Decl. ¶¶ 20–21, Docket No. 48-2.) Whipple's declaration accords with the allegations in the FAC, noting Whipple's belief that the conversation could not be overheard, and that the two stopped talking about anything of substance anytime a server came to the table. (Not. of Removal, Ex. B. ("Whipple Decl.") ¶ 12, Docket No. 1.)

Rudolph secretly made a recording of the conversation with Whipple ("the Recording,")[1], which Whipple was unaware of at the time, and did not consent to. (FAC ¶¶ 27–28.) Rudolph has shared the Recording with his attorneys and used it to create a video presentation ("the Rudolph Video") for public dissemination. (Id. ¶ 31; Rudolph Decl. 22.)

On December 23, 2013, Rudolph removed to this Court an action that Plaintiffs had filed against him in Orange County Superior Court alleging violation of Cal. Penal. Code § 632. (Notice of Removal, Docket No. 1.) On January 16, 2014, the Court denied Plaintiffs' request for a preliminary injunction. (Order, Docket No. 27.) The Court reasoned that Plaintiffs had not shown a likelihood of success on the merits because, critical to the § 632 claim, Whipple did not appear to have a reasonable expectation of confidentiality: "The February 20 meeting was held in a public place, a restaurant called [Wineworks for Everyone.] The nature of the place was not conducive to an expectation of confidentiality. . . . [T]here were numerous opportunities to be overheard, and no efforts at confidentiality were taken." (Id. at 4–5.) An appeal of that ruling is pending in the Ninth Circuit. The Ninth Circuit denied Plaintiffs' application for a stay. (Docket No. 57.)

---

[1] The Recording and a transcript was submitted to the Court in Docket Nos. 15 and 16.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

After the Temporary Restraining Order in this action was dissolved, Rudolph published the Rudolph Video on Youtube for the purpose of sharing it with Safari Club members and the public at large, as well as to use Whipple's statements in the Rudolph Video as evidence in Rudolph's ongoing litigation with Safari Club in other jurisdictions.[2] (Rudolph Decl. ¶¶ 22–24.)

On February 3, 2014, Plaintiffs filed the FAC. (Docket No. 36.) The FAC alleges seven causes of action: (1) invasion of privacy in violation of Cal. Penal Code. §§ 632 & 637.2; (2) injunctive relief; (3) negligence per se; (4) common law invasion of privacy; (5) false light invasion of privacy; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. (See FAC.)

## II.    Legal Standards

### A.    Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the court must follow a two-pronged approach. First, the court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

---

[2] The Rudolph Video is available at http://www.youtube.com/watch?v=2aYY0YF4ktA.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | | Date | May 14, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

B.     Special Motion to Strike

California's anti-SLAPP statute allows for pre-trial dismissal of "SLAPPs" ("Strategic Lawsuits against Public Participation"). Cal. Code Civ. P. § 425.16. The statute aims to identify, early in the litigation process, "meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001); see also Wilcox v. Super. Ct., 27 Cal. App. 4th 809, 816 (1994).

The anti-SLAPP statute permits a defendant to file a "special motion to strike" to dismiss an action before trial. Cal. Code Civ. P. § 425.16. "To prevail on an anti-SLAPP motion, the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." Makaeff v. Trump Univ., LLC, 715 F.3d 254, 261 (9th Cir. 2013) (citing Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir. 2003)). "The burden then shifts to the plaintiff . . . to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal. Id. (citations omitted). Under this standard, the claim should be dismissed if the plaintiff presents an insufficient legal basis for it, or if, on the basis of the facts shown by the plaintiff, "no reasonable jury could find for the plaintiff." Metabolife, 264 F.3d at 840 (citation and internal quotation marks omitted).

Where an anti-SLAPP motion is brought on the grounds that the plaintiff's claim is legally deficient, the Court should adjudicate the motion under the standards for a Rule 12(b)(6) motion to dismiss. See Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1109 (C.D. Cal. 2009); In re Bah, 321 B.R. 41, 45 n.6 (B.A.P. 9th Cir. 2005). "In other words, the court must read the complaint broadly, take all well-pleaded allegations as true, and dismiss with leave to amend." In re Bah, 321 B.R. at 45 n.6.

"In any action subject to subdivision (b) [of California's Anti-SLAPP statute], a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. P. § 425.16(c).

## III.     **Discussion**

A.     Special Motion to Strike

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 13-1989 JVS (ANx)        Date    May 14, 2014

Title       Safari Club International v. Dr. Lawrence P. Rudolph et al.

The Court must grant the special motion to strike, because Plaintiffs' suit arises from an act in furtherance of Rudolph's right to expression, and Whipple has not met his burden to establish a reasonable probability of prevailing on the claims.

       1.      Arising From Protected Activity

Under the anti-SLAAP statute, the special motion to strike may only apply to a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Code. Civ. P. § 425.16(b). The "arising from" requirement is met by, among other possibilities, "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body." Id. § 425.16(e).

> For purposes of the anti-SLAPP statute, a cause of action "arises from" conduct that it is based on. Thus, we first ask what activities form the basis for each of Plaintiffs' causes of action. We then ask whether those activities are protected, bringing the cause of action within the scope of the anti-SLAPP statute. Where a cause of action is based on both protected activity and unprotected activity, it is subject to [the anti-SLAPP statute] unless the protected conduct is merely incidental to the unprotected conduct. Protected activity is not merely incidental to unprotected activity if the alleged activity underl[ies] the cause of action.

Graham-Sult v. Clainos, 738 F.3d 1131, 1142 (9th Cir. 2013) opinion superseded on denial of reh'g by amended opinion, No. 11-16779, 2014 WL 444153 (9th Cir. Feb. 5, 2014) (internal quotation marks and citations omitted).

As an initial matter, the Rudolph Video itself is a statement in connection with an issue under consideration by a judicial body, see Cal. Code Civ. P. § 425.16(e)2), insofar as it speaks directly to issues being litigated between Safari Club and Rudolph in other jurisdictions and is addressed to Safari Club members and the general public. See Nevillle v. Chudacoff, 160 Cal. App. 4th 1255, 1266 (2008) (holding that a statement is in connection with an issue considered by a court if it relates to a substantive issue in the proceeding and is directed to a person having some interest in the proceeding).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                           Date   May 14, 2014

Title        Safari Club International v. Dr. Lawrence P. Rudolph et al.

Whipple argues that the claims in the FAC arise from the allegedly illegal Recording, rather than the Rudolph Video. (Opp'n to MTS at 8–10.) As to several of the claims, this is plainly false: the invasion of privacy claims and the intentional and negligent infliction of emotional distress claims clearly speak to the dissemination of the Rudolph Video rather than merely the Recording. (See FAC ¶¶ 53, 55–57, 59, 64, 68–69, 71, 74.) Moreover, the claim for injunctive relief expressly seeks to prevent the dissemination of the Recording. (FAC ¶ 45.) As for the illegal recording claim and the negligence per se claim premised on the illegal recording, while the FAC does mention the Rudolph Video in its general allegations, and both of those claims incorporate those allegations, Whipple is right that the crux of those claims pertains to the Recording itself, rather than the edited Rudolph Video.

However, in Lieberman v. KCOP Television, Inc., 110 Cal. App. 4th 156, 166 (2003) the California Court of Appeal explained that the coverage of the anti-SLAPP statute must be construed broadly, and that the statute also protects conduct in furtherance of protected speech. The court went on to hold that the defendants' act of secretly recording the plaintiff in order to edit and rebroadcast that recording in connection with a public issue was in furtherance of protected speech, and that the anti-SLAPP statute applied. Id. The situation here is similar. Rudolph met with Whipple and recorded their conversation, whether lawfully or not, in order to edit and rebroadcast those statements in the Rudolph Video, which addressed matters in litigation and was meant to inform Safari Club's members and the broader public about Safari Club's actions.

Finally, Whipple maintains that the anti-SLAPP statute does not cover illegal activity, such as violations of § 632. See Flatley v. Mauro, 39 Cal. 4th 299, 320 (2006) (holding that a defendant whose conduct is conclusively demonstrated to have been illegal may not invoke the anti-SLAPP statute). But as Rudolph points out, that is not the case here. When a defendant's activity may or may not be criminal, the defendant may still seek refuge under the anti-SLAPP law unless the activity is criminal as admitted by the defendant or conclusively established by evidence. See Gerbosi v. Gaims, Weill, W. & Epstein, LLP, 193 Cal. App. 4th 435, 446 (2011). Indeed to hold otherwise would create a trap for defendants under which any plaintiff could plead that a defendant's acts were unlawful and that the anti-SLAPP statute could not be invoked. As the Court found in denying the preliminary injunction, Plaintiffs failed to establish the likelihood of prevailing on their § 632 claim. (See Order at 4–5, Docket No. 27.)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |
|---|---|---|---|

| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |
|---|---|

Thus, the Court concludes that Rudolph has made the necessary showing that his acts were in furtherance of his free speech rights. The Court now turns to the second step of the anti-SLAPP analysis.

 2. Whipple's Burden to Show a Fair Probability of Prevailing

Whipple was required to show both that Plaintiffs' claims are legally sufficient and supported by a sufficient prima facie showing of facts to obtain judgment if Plaintiffs' evidence is credited. Wilson v. Parker, Covert & Childester, 28 Cal. 4th 728, 741 (2003); DuPont Merck Pharm. Co. v. Superior Court, 78 Cal. App. 4th 562, 568 (2000) (holding that it is insufficient under the second prong of the anti-SLAPP statute to survive a demurrer, and that the allegations must be substantiated). The determination whether a plaintiff can establish a probability he or she will prevail "cannot be based on allegations but must be based on evidence." Id. at 564. A plaintiff's burden is "much like that used in determining a motion for nonsuit or directed verdict, which mandates dismissal when no reasonable jury could find for the plaintiff." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001) (internal quotation marks and citation omitted). "Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality exists to support a judgment for the plaintiff." Id. (internal quotation marks and citation omitted).

At the outset, the fact that the FAC is a verified document does not suffice as an evidentiary showing in an anti-SLAPP motion. See Hecimovich v. Encinal School Parent Teacher Org., 203 Cal. App. 4th 450, 474 (2012) ("[The] plaintiff cannot rely on his pleading at all, even if verified, to demonstrate a probability of success on the merits.")

But the Court assesses whether Plaintiffs have met their burden on the second prong of the anti-SLAPP analysis by looking to the entire record, including Whipple's declaration attached to the Notice of Removal. In pertinent part, that declaration notes that at the time of the February 2013 meeting, Whipple considered Rudolph a good friend and believed Rudolph felt the same, that the two took steps to maintain the privacy of their conversation, that Whipple did not consent to Rudolph's recording the conversation, and that the Recording, if made public, would cause Whipple harm and humiliation. (Whipple Decl. ¶¶ 7, 12,13, 17.) The Court now turns to whether this evidence is sufficient to make out a prima facie case for each of Plaintiffs' claims, and then whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

each of those claims is legally sufficient.

> a.      The Section 632 Claim

By statute, California protects confidential communications by barring the making of a recording without the consent of all parties.

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. . . .

Cal. Penal Code, § 632(a). The statute defines a confidential communication:

> The term "confidential communication" includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

Id. § 632(c). California law also provides civil penalties and injunctive relief are available to a person injured by violation of § 632. Id. § 637.2.

The evidence in the record establishes a prima facie case of just such a violation. Whipple's declaration makes clear that the Recording was made without Whipple's consent. Further, Whipple indicated that he made efforts to keep the content of his discussion with Rudolph private and that he relied on Rudolph's representation that Rudolph had only sued Whipple because of Whipple's role as Safari Club's president. (Whipple Decl. ¶¶ 6, 7, 11.) Also, Whipple declares that the Recording's dissemination

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

caused him humiliation and damage to his reputation within the hunting and conservation communities. (See id. ¶ 17.) That is sufficient evidence on which a reasonable jury could grant relief.

Rudolph presses two arguments, both of which go less to Plaintiffs' evidentiary burden than to the legal sufficiency of their claims, an analysis that parallels the analysis on a Rule 12(b)(6) motion. The first is that the conversation was not a confidential communication as a matter of law, because it occurred in a public place. The second is that the Court's denying Whipple's motion for a preliminary injunction constitutes the law of the case on whether the communication was confidential.

The second argument is easily dispensed with. The Court's finding in the Order denying a preliminary injunction that Plaintiffs are unlikely to succeed on the merits of their claim does not settle the issue of whether a reasonable jury could award relief based on their evidence. Nothing in the preliminary injunction denial suggested as much.

As to the first point, the authorities cited by the parties make it clear that a communication may be confidential within the meaning of § 632 even if held in the presence of others. See Lieberman v. KCOP Television, Inc., 110 Cal. App. 4th 156, 169 (2003) (noting that the presence of others does not necessarily make an expectation of privacy unreasonable, but rather presents a question of fact for a jury). Rudolph has not identified any case holding that as a matter of law, a conversation that occurred in a public place could not carry with it an expectation of confidentiality. The cases Rudolph does cite involve instances where courts considered uncontested evidence of non-confidentiality or weighed evidence, rather than examples of courts considering motions to dismiss or determining whether a reasonable jury could find for a plaintiff. See Chamberlain v. Les Schwab Tire Center of Cal., Inc., 2012 WL 6020103, at *2–3 (E.D. Cal. Dec. 3, 2012) (declining to award sanctions where recording party submitted uncontroverted evidence that other people could overhear the recorded conversation, which took place in a tire store, a public place); Davis v. Los Angeles W. Travelodge, 2009 WL 4260406, at *2 (C.D. Cal. Oct. 8, 2009) (denying motion in limine to exclude recording made in hotel lobby, after weighing evidence and determining that there was no reasonable expectation of confidentiality). As a question of whether Plaintiffs have produced evidence such that a reasonably jury could find in their favor, or of whether their claim is legally sufficient, it is not the case that the conversation's having occurred in a public restaurant necessarily means that Whipple did not have a reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)          Date   May 14, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

expectation that the communication would remain confidential.[3]

The allegations in the FAC correspond exactly to those in Whipple's declaration. Plaintiffs allege that Whipple did not consent to Rudolph producing the Recording, that the two did not discuss anything substantive while others were within earshot, and that he expected the conversation to remain confidential. Whipple has stated a legally sufficient claim under Cal. Penal Code §§ 632 and 637.2.

Therefore, Plaintiffs have demonstrated their reasonable probability of succeeding on the merits of their first claim. Moreover that claim is not legally insufficient. Thus the special motion to strike must be denied as to the first claim.

b.     Injunctive Relief

While the evidence underlying Plaintiffs' claim for injunctive relief is the same as that supporting their § 632 claim, here legal insufficiency exists such that the special motion to strike must be granted.

The Court agrees with the majority of federal courts interpreting the issue, and with the most recent California decisions, that injunctive relief is an equitable remedy, rather than a separate cause of action. See, e.g., Colgan v. Mabus, 2012 WL 2061686, at *9 (S.D. Cal. June 6, 2012); Cox Commc'ns PCS, L.P. v. City of San Marcos, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002); Faunce v. Cate, 222 Cal. App. 4th 166, 172 (2013), reh'g denied (Jan. 3, 2014), review denied (Mar. 19, 2014).

Because Plaintiffs have correctly sought an injunction in their prayer for relief (see FAC, Prayer for Relief, ¶ 1), the Court grants the special motion to strike as to the second claim. The issue of injunctive relief remains in the case under Plaintiffs' claim under the Penal Code.

---

[3] Nor does the fact that the FAC acknowledges (and Whipple admits in his declaration) that Whipple was engaged in litigation with Rudolph. Rudolph argues that because of the nature of their relationship, Whipple could have had no expectation that the content of the conversation would remain between the two of them. But the California Supreme Court already noted that § 632 protects the interest against not having a conversation recorded, rather than the interest in keeping the content of the conversation private. See Flanagan v. Flanagan, 27 Cal. 4th 766, 774–75 (2002).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

   c.    Negligence Per Se

   Rudolph argues that Plaintiffs' negligence per se claim must be stricken because there is insufficient evidence to support the § 632 claim on which the claim is predicated. Because that argument is disposed of by the analysis of the § 632 claim above, it is unnecessary to rehash it here.

   As to the legal sufficiency of the claim, "to state a cause of action under the negligence per se doctrine, the plaintiff must plead four elements: (1) the defendant violated a statute or regulation, (2) the violation caused the plaintiff's injury, (3) the injury resulted from the kind of occurrence the statute or regulation was designed to prevent, and (4) the plaintiff was a member of the class of persons the statute or regulation was intended to protect." Alejo v. City of Alhambra, 75 Cal. App. 4th 1180, 1184–85 (1999). In neither their motion to strike nor their motion to dismiss does Rudolph raise any argument about the legal sufficiency of the negligence per se claim other than that it is doomed by the failure of the § 632 claim. Because the Court has rejected that argument, the negligence per se claim will not be stricken.

   d.    Common Law Invasion of Privacy

   Common law invasion of privacy has two elements: "(1) intentional intrusion into a private place, conversation, or matter, (2) in a manner highly offensive to a reasonable person." Sanders v. Am. Broadcasting Cos., 20 Cal. 4th 907, 922 (1999) (internal quotation marks and citations omitted).

   Rudolph presses two arguments to suggest that Plaintiffs have not shown a fair probability of succeeding on the merits of their claim. The first is that as a matter of law, Whipple could have had no reasonable expectation of privacy under the circumstances. But as to Plaintiffs' evidentiary showing and the legal sufficiency of the FAC, the Court has rejected that argument. Whipple's declaration contains evidence from which a reasonable jury could find in his favor. And the FAC alleges that Rudolph intruded into Rudolph's privacy by secretly recording a private conversation and then disseminating excerpts of that conversation. (FAC ¶ 53.) The privacy prong is satisfied on the evidence and on the pleadings.

   Rudolph's second argument speaks primarily to the legal sufficiency of the claim,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

suggesting that as a matter of law, Rudolph's intrusion was not highly offensive. In assessing the "offensive" prong, courts look to the "context, conduct, and circumstances surrounding the intrusion, as well as the intruder's motives and objectives, the setting into which he intrudes, and expectations of those whose privacy is invaded." Wilkins v. Nat'l Broadcasting Co., 71 Cal. App. 4th 1066, 1075–76 (1999) (internal quotation marks and citation omitted). While Rudolph is correct that a finding that conduct was plausibly described as highly offensive is generally confined to contexts where a private place is entered without permission or via deception, see Deteresa v. Am. Broadcasting Cos., Inc., 121 F.3d 460, 466 (9th Cir. 1997), both Whipple's declaration and the FAC allege that Rudolph persuaded Whipple to meet with him by telling him that Whipple had only been sued as the president of Safari Club, thus using his friendship with Whipple to arrange a meeting at which to record him. The Court also considers that here, unlike the audio recording at issue in Deteresa, the Recording was edited into the Rudolph Video, which was made public. Cf. id. Moveover, the FAC alleges the violation of a statute that carries criminal penalties. The Court is persuaded by the judgment of the California legislature regarding the seriousness of such illicit recordings that recording someone as Rudolph is alleged to have done here is a highly offensive means of intruding into someone's privacy.

Because the invasion of privacy claim is supported by sufficient evidence and the allegations are legally sufficient, the special motion to strike is denied as to that claim.

  e.  False Light Invasion of Privacy

An essential element of a false light claim is that the defendant must have "caused to be generated publicity of the plaintiff that was false or misleading." Cannon v. City of Petaluma, 2011 WL 3267714, at *3 (N.D. Cal. July 29, 2011). Rudolph argues, and the Court agrees, that because Whipple admits that he is the person in the video and nowhere even alleges, much less presents evidence, that any of his recorded statements were untrue or inaccurately recorded, that he cannot meet his burden on the second prong of the anti-SLAPP analysis.

Though the FAC includes conclusory allegations to the effect that Rudolph placed Whipple in a false light through producing the Recording and using excerpts from it to create the Rudolph Video, Whipple has provided no evidence of any kind to suggest that either the Recording or Rudolph Video placed Whipple in a light that was false or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |
|---|---|---|---|

| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |
|---|---|

misleading. Because of this failure to present any evidence, the Court concludes that Plaintiffs have not met their burden to show a reasonable probability of success and grants the special motion to strike as to the false light claim.

        f.        Intentional Infliction of Emotional Distress

To prevail on a claim of intentional infliction of emotional distress, a plaintif must show "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). Rudolph contends that Plaintiffs have not shown any evidence of outrageous conduct or that Whipple suffered severe emotional distress.

The Court has already rejected the first argument in its discussion of the common law invasion of privacy claim. As to the second, emotional distress may consist of "any highly unpleasant mental reaction" such as grief, shame, humiliation, or embarrassment. Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1376 (2010) (internal quotation marks and citation omitted). That emotional response must be severe and neither trivial nor transient. Id. Though a jury must determine whether in fact such emotional distress in fact existed, the Court must determine whether a plaintiff's assertions could constitute emotional distress "of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." Id. (internal quotation marks and citation omitted). In Wong, a court held that a complaint's allegations that the plaintiff had suffered severe emotional damage, manifested through lost sleep, an upset stomach, and generalized anxiety in response to being professionally criticized in an online review were insufficient to state a claim for intentional infliction of emotional distress. Id. at 1377.

Whipple's declaration includes evidence that Whipple would suffer humiliation and damage to his reputation within the hunting and conservation community, particularly the membership of Safari Club, a group of which he is a leader. (See Whipple Decl. ¶ 17.) Whipple's evidence, in a case that, like Wong, involves publishing a critical commentary on Plaintiffs' conduct, amounts to no more evidence of severe emotional distress than the allegations in Wong would have had they been proven.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1989 JVS (ANx) | Date | May 14, 2014 |

| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

Thus, the Court concludes that Plaintiffs have not met their burden of showing a fair probability of success on their intentional infliction of emotional distress claim. This alone is enough to grant the special motion to strike. Moreover, the allegations regarding severe emotional distress in the FAC are the same as those in Whipple's declaration. (See FAC ¶ 67–68.) Thus the claim is also legally insufficient. The special motion to strike is granted.

g.      Negligent Infliction of Emotional Distress

Because the requirements regarding severe emotional distress are the same in intentional infliction and negligent infliction cases, see Wong, 189 Cal. App. 4th at 1378, the Court's analysis of that claim applies equally here. Thus the Court grants the special motion to strike as to the negligent infliction of emotional distress claim.

B.      Motion to Dismiss

Because the Court grants the special motion to strike as to the claims for injunctive relief, false light invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress, the motion to dismiss is necessarily denied as moot as to those claims.

Because the analysis of legal sufficiency on the second prong of the anti-SLAPP motion is coextensive with the analysis under Rule 12(b)(6), the Court denies the motion to dismiss Plaintiffs claims for violation of § 632, negligence per se, and common law invasion of privacy.

## IV.      Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part the special motion to strike and DENIES the motion to dismiss.

Pursuant to Cal. Code. Civ. P. § 425.16(c), Rudolph is entitled to recover his attorney fees and costs associated with defending against Plaintiffs' claims for injunctive relief, false light invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                    Date   May 14, 2014

Title      Safari Club International v. Dr. Lawrence P. Rudolph et al.


IT IS SO ORDERED.


                                                              :        00

                              Initials of Preparer           kjt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1989 JVS (ANx) | Date | July 2, 2014 |
|---|---|---|---|

| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |
|---|---|

| Present: The Honorable | James V. Selna | | |
|---|---|---|---|
| Karla J. Tunis | | Not Present | |
| Deputy Clerk | | Court Reporter | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** **(IN CHAMBERS) Order Granting Defendant's Motion for Reconsideration (fld 6-2-14) and Upholding Prior Order**

Defendant Lawrence P. Rudolph ("Rudolph") moves this Court to reconsider its prior order denying Rudolph's motion to dismiss and granting in part and denying in part Rudolph's special motion to strike under California's anti-SLAPP law. (Motion for Reconsideration ("Mot."), Docket No. 64.) Plaintiffs John Whipple ("Whipple") and Safari Club International ("Safari Club") (together, "Plaintiffs") oppose the motion. (Opp'n, Docket No. 69.) Rudolph has replied. (Reply, Docket No. 70.)

For the following reasons, the Court GRANTS the motion insofar as it will consider Rudolph's arguments, but DENIES the motion insofar as the Court will not alter its prior decision.

## I. __Background__

The background to this case is familiar to the Court and to the parties.

Safari Club is an international hunting and wildlife conservation organization with approximately 50,000 members and nearly 200 chapters across 26 countries. (First Amended Complaint ("FAC") ¶ 6, Docket No. 36.) Between 2009 and 2011, Rudolph served as Safari Club's president. (Id. ¶ 10.) After serving as president, Rudolph served as Safari Club's Chief Communications Officer. (Id. ¶ 11.) In August 2012, believing Rudolph to have breached his duties of loyalty, care, and fair dealing, Safari Club expelled Rudolph from membership. (Id. ¶¶ 12–13.)

In November 2012, Rudolph filed a lawsuit against Safari Club and a number of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                     Date   July 2, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

individuals, including Whipple, in the Western District of Pennsylvania. (Id. ¶ 15.)

On February 20, 2013, Whipple met with Rudolph at Rudolph's request in Orange County, California. (Id. ¶ 16.) At that time, Whipple was the president of Safari Club and a named defendant in the lawsuit Rudolph had filed. (Id. ¶ 18.) Whipple had known Rudolph for twelve to fifteen years prior to that meeting and considered him a friend. (Id. ¶ 20.)

Rudolph and Whipple met for approximately five hours at an Orange County restaurant called Wineworks for Everyone on the afternoon of February 20, 2013. (Id. ¶¶ 22–23.) At Rudolph's urging, the two discussed the ongoing litigation between Rudolph and Safari Club. (Id. ¶ 24.) The FAC alleges that at the time of their conversation, there were roughly five to ten other patrons in the room in which Rudolph and Whipple sat, but that none of those patrons was ever within earshot of their conversation. (Id.) The FAC also alleges that Rudolph and Whipple kept their voices at a noise level such that no one could overhear their conversation, and that when a server approached their table, the two would stop talking altogether or stop discussing anything substantive. (Id. ¶¶ 25–26.)

However, declarations submitted by the parties suggest differing interpretations of the circumstances of their meeting. According to a declaration submitted by Rudolph, several patrons were sitting close enough that they could have overheard the conversation, neither Whipple nor Rudolph lowered their voices or curtailed their conversation, and there was nothing in Whipple's body language to indicate he was attempting to maintain privacy. (Rudolph Decl. ¶¶ 20–21, Docket No. 48-2.) Whipple's declaration accords with the allegations in the FAC, noting Whipple's belief that the conversation could not be overheard, and that the two stopped talking about anything of substance anytime a server came to the table. (Not. of Removal, Ex. B. ("Whipple Decl.") ¶ 12, Docket No. 1.)

Rudolph secretly made a recording of the conversation with Whipple ("the Recording,")[1], which Whipple was unaware of at the time, and did not consent to. (FAC ¶¶ 27–28.) Rudolph has shared the Recording with his attorneys and used it to create a video presentation ("the Rudolph Video") for public dissemination. (Id. ¶ 31; Rudolph Decl. 22.)

---

[1] The Recording and a transcript were submitted to the Court in Docket Nos. 15 and 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                    Date   July 2, 2014

Title      Safari Club International v. Dr. Lawrence P. Rudolph et al.

On December 23, 2013, Rudolph removed to this Court an action that Plaintiffs had filed against him in Orange County Superior Court alleging violation of Cal. Penal. Code § 632. (Notice of Removal, Docket No. 1.) On January 16, 2014, the Court denied Plaintiffs' request for a preliminary injunction. (Prelim. Inj. Order, Docket No. 27.) The Court reasoned that Plaintiffs had not shown a likelihood of success on the merits because, critical to the § 632 claim, Whipple did not appear to have a reasonable expectation of confidentiality: "The February 20 meeting was held in a public place, a restaurant called [Wineworks for Everyone.] The nature of the place was not conducive to an expectation of confidentiality. . . . [T]here were numerous opportunities to be overheard, and no efforts at confidentiality were taken." (Id. at 4–5.) An appeal of that ruling is pending in the Ninth Circuit. The Ninth Circuit denied Plaintiffs' application for a stay. (Docket No. 57.)

After the Temporary Restraining Order in this action was dissolved, Rudolph published the Rudolph Video on Youtube for the purpose of sharing it with Safari Club members and the public at large, as well as to use Whipple's statements in the Rudolph Video as evidence in Rudolph's ongoing litigation with Safari Club in other jurisdictions.[2] (Rudolph Decl. ¶¶ 22–24.)

On February 3, 2014, Plaintiffs filed the FAC. (Docket No. 36.) The FAC is a verified document that alleges seven causes of action: (1) invasion of privacy in violation of Cal. Penal Code. §§ 632 & 637.2; (2) injunctive relief; (3) negligence per se; (4) common law invasion of privacy; (5) false light invasion of privacy; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. (See FAC.)

Rudolph moved to dismiss the FAC and to strike it under California's anti-SLAPP law. (Docket Nos. 47, 48.) Though Plaintiffs opposed the motions, their opposition to the special motion to strike relied only on sufficiency of the verified FAC, rather than presenting any evidence. (See Opp'n to Mot. to Strike, Docket No. 51.) The matter came for hearing on May 5, 2014 (Docket No. 59), but Whipple's declaration was neither mentioned at the hearing, nor in the tentative ruling that the Court issued granting the special motion to strike in its entirety. On May 14, 2014, the Court issued its final order, granting the motion to strike in part and denying it in part and denying the motion to

_____
[2] The Rudolph Video is available at http://www.youtube.com/watch?v=2aYY0YF4ktA.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1989 JVS (ANx) | Date | July 2, 2014 |
|---|---|---|---|

| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |
|---|---|

dismiss as moot. (Order, Docket No. 60.) The Court looked to Whipple's declaration, which had been filed in state court and attached to the Notice of Removal, to conclude that Plaintiffs' invasion of privacy, negligence per se, and common law invasion of privacy claims should survive the special motion to strike. (Id. at 8–13.)

It is that prior Order that Rudolph asks the Court to reconsider. Rudolph argues that the Court's sua sponte reliance on Whipple's declaration, which had not been mentioned by Plaintiffs in the briefing, tentative order, or hearing on the special motion to strike, violated Rudolph's right to due process by not giving him notice of the evidence and the opportunity to respond.

## II.    **Legal Standard**

A motion for reconsideration is appropriate when the previous order under question is demonstrably wrong, or if new developments would affect the outcome of the motion. This Court has the "inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." Smith v. Massachusetts, 543 U.S. 462 (2005).

Absent "highly unusual circumstances," reconsideration is proper only if the Court "(a) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration cannot be based on evidence that could reasonably have been presented prior to this Court's ruling.  Hopkins v. Andaya, 958 F.2d 991, 887 n.5 (9th Cir. 1992).

Local Rule 7-18 adds further requirements:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | | Date | July 2, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

Under Rule 59(e) of the Federal Rules of Civil Procedure, the Court may alter or amend a judgment in similar circumstances, and may additionally grant the requested relief on the more general grounds of "prevent[ing] manifest injustice."  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) ("In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.") (internal citation omitted).

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Alteration or amendment is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734,740 (9th Cir. 2001). This showing is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). A judgment is not properly reopened "absent highly unusual circumstances." Id.; cf. Local Rule 7-18.

## III.  Discussion

As an initial matter, the parties dispute whether a motion for reconsideration is properly brought under Rule 59(e), or if not, whether a clearly erroneous decision is a proper ground for reconsideration under Local Rule 7-18. The Court believes that an error in the prior order permits reconsideration under these circumstances, and that the present motion is indeed properly brought under Rule 59(e). Although there has been no final judgment entered in the case, that does not appear to preclude the application of Rule 59(e). The Federal Rules define a judgment as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). As Rudolph points out, the Ninth Circuit has held that a

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | July 2, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

denial of an anti-SLAPP motion is a final appealable order notwithstanding the absence of a final judgment. See Batzel v. Smith, 333 F.3d 1018, 1025–26 (9th Cir. 2003). Therefore it is appropriate to consider this motion under Rule 59(e), and reconsideration is appropriate to correct manifest errors of law upon which the Court's prior Order may rest.

    A.    <u>Due Process</u>

As to the merits, the Court first turns to Rudolph's due process argument.[3] The opportunity to respond is one of the cornerstones of due process. See Nelson v. Adams USA, Inc., 529 U.S. 460, 466 (2000) (reversing court's amendment of judgment to impose liability simultaneously with amendment of pleadings without giving losing party notice or opportunity to respond).

In this case, despite the fact that Plaintiffs failed to note any admissible evidence sufficient to carry their burden in their opposition papers, the Court looked to the Whipple Declaration, which, having been attached to the Notice of Removal, was part of the record in the case, to conclude that Plaintiffs had met their burden in opposing the anti-SLAPP motion. But the Whipple Declaration was not mentioned in the Court's tentative order or at the hearing on the matter. Thus, argues Rudolph, Rudolph was not given fair notice that the Whipple Declaration could serve as evidence in support of Plaintiffs' claims, and also denied the opportunity to effectively respond to it.

This position has some merit. The Ninth Circuit has stated under similar circumstances that:

> requiring the district court to search the entire record for a genuine issue of fact, even though the adverse party does not set it out in the opposition papers, is also profoundly unfair to the movant. . . . The movant is then denied a fair opportunity to address the matter in the reply papers. Unless the court holds oral argument and brings up the fruit of its search, the movant

---

[3] Although the motion refers to the Fourteenth Amendment as the source of the due process guarantee (Mot. at 6), the Court presumes that Rudolph refers to the Fifth Amendment's due process provision, which is binding on the federal government, as opposed to the Fourteenth, which binds only the states.

Case 8:13-cv-01989-JVS-AN Document 76 Filed 07/02/14 Page 24 of 28 Page ID #:1047

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                    Date   July 2, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

never receives notice and an opportunity to be heard on the critical evidence.

Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). Notably, of course, the holding in Carmen was simply that it was not error for a trial court to decline to comb through the record in a case to locate evidence either not mentioned or insufficiently identified by a party's papers. Id. at 1029–30. The same appears to be true of all the other cases Rudolph cites noting that a court need not scour the record when a party has failed to do so. See, e.g., Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996); United States v. Real Property at Incline Vill., 47 F.3d 1511, 1520 (9th Cir. 1995); ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1011 (2001).

But whether a court is required to scour the record and whether it is manifest error for it to do so are two distinct questions, and Rudolph has not provided authority directly supporting the latter proposition. This is especially true where, as in this case, Rudolph's notice of his motion to strike stated that the motion would be based on the briefing and oral argument, as well as "any such other items that the Court deems appropriate." (Notice of Mot. to Strike, Docket No. 48.) Unlike the case in Carmen, the record in the present matter is relatively small, and litigation has been ongoing for a matter of months rather than years, so the surprise associated with relying on a declaration that was subject to judicial notice as part of the record in the case is minimal. Moreover, it is surely "appropriate" to consider record evidence directly on point.

The Court finds Rudolph's argument regarding the limits set forth in the anti-SLAPP statute unpersuasive as well. California law provides that when a court is assessing a special motion to strike under the anti-SLAPP statute, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Code. Civ. P. § 425.16(b)(2). First, the Court notes Plaintiffs' arguments that the Notice of Removal, to which the Whipple Declaration was attached, is a pleading, and that Rudolph specifically incorporated the removal notice by reference in discussing the litigation's procedural posture in his initial motion to strike. (See Mem. P. &. A., Mot. to Strike at 5.) But more important, the statutory language Rudolph points out also does not establish that it is error for the Court to look beyond those materials flagged by the parties. The Whipple Declaration is an affidavit "stating the facts upon which the liability . . . is based," and it was attached to a pleading.

The Court is sensitive, however, to the powerful language in Carmen. Rudolph did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1989 JVS (ANx) | Date | July 2, 2014 |
|---|---|---|---|

| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |
|---|---|

not have an opportunity to press its arguments regarding the Whipple Declaration, so the Court will grant the motion for reconsideration insofar as it will consider Rudolph's new arguments. But as explained more fully below, the Court will leave its prior order undisturbed.

B.      Whether the Whipple Declaration Is Admissible Under the Best Evidence Rule

The Federal Rules of Evidence provide that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. Rudolph contends that because the Whipple Declaration describes the content of the Recording, it is inadmissible under this best evidence rule. The Court disagrees.

As Plaintiffs point out, the Whipple Declaration does not speak to the contents of the Recording itself, but rather to the circumstances surrounding the conversation between Whipple and Rudolph.

Indeed, Rudolph himself cites United States v. Gonzales-Benitez, to support his argument, but the case does nothing of the sort; Gonzales-Benitez rejected an argument that testimony from a participant in a conversation was inadmissible where a tape recording of that conversation existed. 537 F.2d 1051, 1053 (9th Cir. 1976). In fact, the Ninth Circuit stated that it was "puzzled that this argument should be advanced so seriously" and noted that if the ultimate issue regarded the sounds embodied on the tapes, the argument would bear fruit, but where the inquiry concerned the content of the conversation itself, testimony of a participant was perfectly admissible. Id. at 1053–54.

Here, though the Recording is a subject of inquiry, insofar as the case concerns whether Rudolph recorded Whipple and whether that recording was lawful, the lawfulness turns on whether Whipple had an objectively reasonable expectation that the conversation would remain confidential and unrecorded. Whipple's testimony about the circumstances of the conversation is thus not inadmissible under the best evidence rule.

C.      Whether the Court's Decision Was Erroneous in Light of Rudolph's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1989 JVS (ANx) | Date | July 2, 2014 |

| | |
|---|---|
| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |

### Response to the Whipple Declaration

Rudolph also makes several arguments that assume the admissibility of the Whipple Declaration, but argue nonetheless that the Court erred in denying the anti-SLAPP motion. The Court considers each in turn.

First, Rudolph argues that the Court erred by failing to consider the evidence as a whole. But this argument is belied by express statements in the Court's prior Order. Specifically, the Court noted the evidence in Rudolph's declaration in the background section of its Order. (Order at 3.) The Court also noted the Recording itself. (Id.) The Court's own prior findings regarding the Recording were mentioned in that same section. (Id.) The Court also considered the Recording in its analysis made when the Court observed that its prior findings were based on whether Plaintiffs claims were likely to succeed for purposes of granting a preliminary injunction, and thus not dispositive of the anti-SLAPP motion. (Id. at 10.) As the Court has already explained, assessing the anti-SLAPP motion required Plaintiffs to meet a burden "much like that used in determining a motion for nonsuit or directed verdict, which mandates dismissal when no reasonable jury could find for the plaintiff." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001) (internal quotation marks and citation omitted). The fact that the Court's analysis focused on the Whipple Declaration reflects only the Court's judgment that a reasonable jury could credit Whipple's interpretation of the circumstances surrounding the conversation such that the conversation could carry with it an objectively reasonable expectation of confidentiality. The Court stands by that conclusion.

Thus, Rudolph's arguments regarding the Court's findings in the preliminary injunction context are no more persuasive now than they were when Rudolph raised them in the original motion. The Court determined that a jury was unlikely to find in Plaintiffs' favor because the Recording did not appear to show Whipple or Rudolph overtly lowering their voices or curtailing conversation when interacting with servers or when others passed within what the Court estimated to be five or six feet of the table. (Prelim. Inj. Order at 3–4.) Those findings, however, represented the Court's own interpretation of the Recording under a different standard than that which applies to the anti-SLAPP motion. What the Court considered the normal pause of conversation on substantive matters that would occur when interacting with a server, a reasonable jury could consider a deliberate effort to maintain confidentiality.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-1989 JVS (ANx)                    Date   July 2, 2014

Title   Safari Club International v. Dr. Lawrence P. Rudolph et al.

Finally the Court rejects once again the argument that there was necessarily no reasonable expectation of confidentiality because the conversation occurred in a public place. Rudolph has added nothing new to this argument. The Court already explained that:

> the authorities cited by the parties make it clear that a communication may be confidential within the meaning of § 632 even if held in the presence of others. See Lieberman v. KCOP Television, Inc., 110 Cal. App. 4th 156, 169 (2003) (noting that the presence of others does not necessarily make an expectation of privacy unreasonable, but rather presents a question of fact for a jury). Rudolph has not identified any case holding that as a matter of law, a conversation that occurred in a public place could not carry with it an expectation of confidentiality. The cases Rudolph does cite involve instances where courts considered uncontested evidence of non-confidentiality or weighed evidence, rather than examples of courts considering motions to dismiss or determining whether a reasonable jury could find for a plaintiff. See Chamberlain v. Les Schwab Tire Center of Cal., Inc., 2012 WL 6020103, at *2–3 (E.D. Cal. Dec. 3, 2012) (declining to award sanctions where recording party submitted uncontroverted evidence that other people could overhear the recorded conversation, which took place in a tire store, a public place); Davis v. Los Angeles W. Travelodge, 2009 WL 4260406, at *2 (C.D. Cal. Oct. 8, 2009) (denying motion in limine to exclude recording made in hotel lobby, after weighing evidence and determining that there was no reasonable expectation of confidentiality). As a question of whether Plaintiffs have produced evidence such that a reasonably jury could find in their favor, or of whether their claim is legally sufficient, it is not the case that the conversation's having occurred in a public restaurant necessarily means that Whipple did not have a reasonable expectation that the communication would remain confidential.

(Order at 10–11.) The same holds true of arguments the Court previously rejected regarding Plaintiffs' common law invasion of privacy claim. (Id. at 12–13.) Rudolph has offered nothing to persuade the Court to alter its prior conclusion. Rudolph's citation to Wilkins v. Nat'l Broadcasting Co., Inc., which Rudolph also cited in his original anti-SLAPP motion and which affirmed a summary judgment grant against a plaintiff pressing an invasion of privacy claim when his conversation was videotaped, changes nothing.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1989 JVS (ANx) | Date | July 2, 2014 |
|---|---|---|---|

| Title | Safari Club International v. Dr. Lawrence P. Rudolph et al. |
|---|---|

There, the evidence showed clearly that the conversation occurred in a public restaurant with two strangers at the table in addition to the plaintiff and his conversants, and that no steps were taken to convey that privacy was to be maintained. 71 Cal. App. 4th 1066, 1078 (1999). But whether steps were taken to ensure privacy is precisely one of the questions of fact on which a jury could find for Plaintiffs in this case.

Because Rudolph has offered nothing to persuade the Court that its prior Order was erroneous, the Court leaves that Order undisturbed.[4]

## IV.   **Conclusion**

For the foregoing reasons, the Court GRANTS the motion for reconsideration but upholds its prior order.

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |

---

[4] The Court rejects Plaintiffs' contention that the present motion be vacated for Rudolph's failure to comply with Local Rule 7-3. Plaintiffs' complaint appears to be that Rudolph did not sufficiently disclose the authorities underlying its motion, but this is not required by Local Rule 7-3.